UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU,<br><br>Plaintiff,<br><br>v.<br><br>ADT LLC, d/b/a ADT SECURITY SERVICES, a/k/a/ ADT HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:16-cv-02680-GPC-AGS<br><br>**ORDER:**<br><br>**(1) DIRECTING PLAINTIFF TO FILE AMENDED OPPOSITION BRIEF [DKT. No. 49.]**<br><br>**(2) RESETTING BRIEFING SCHEDULE**<br>**[DKT. No. 48.]**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION TO QUASH [DKT. NO. 47]** |

On September 21, 2017, Defendant ADT LLC, d/b/a ADT Security Services, filed an Amended Motion for Summary Judgment following the Court's order to re-serve Defendant. Dkt. Nos. 48, 49. On October 12, 2017, Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment. Dkt. No. 55.

On November 3, 2017, Defendant filed its Reply asserting that Plaintiff had (1) filed an Opposition that exceeded the allotted page limits as specified in the Civil Local Rules and (2) had failed to file an affidavit or declaration to support the facts that Plaintiff uses to oppose Defendant's Motion. Dkt. No. 56. Plaintiff asks that the Court accept all

facts presented in Defendant's Motion as undisputed or in the alternative order Plaintiff to file an Opposition in compliance with the Civil Local Rules and the affidavit/declaration requirements of the Federal Rules of Civil Procedure.

Accordingly, Plaintiff is directed to file an amended opposition that conforms with the Civil Local Rules for the Southern District of California. *See* Civil Local Rule 7.1(h) ("Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party.").

Further, the Court observes that plaintiff has not supported the factual contentions in his brief with supporting declarations or affidavits. Federal Rule 56(e)(4) authorizes federal courts to issue "any . . . appropriate order" when a non-moving party has failed to oppose a summary judgment motion properly. The advisory notes to that Rule state that such orders "should be designed to encourage proper presentation of the record." Fed. R. Civ. P. 56(e)(4), Advisory Committee Notes, 2010 Amendments. Further, courts may "take extra care with pro se litigants, advising them of the need to respond [to a motion for summary judgment] and the risk of losing by summary judgment if an adequate response is not filed." *Id.*

Here, the Court will take this opportunity to provide Plaintiff with notice of what is required to oppose a motion for summary judgment. Accordingly, the Court provides the following notice to Plaintiff for their information in connection with Defendants' motion for partial summary judgment:

> Defendant is making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case as to the issues noticed by Defendant by granting judgment in favor of Defendant. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law. When a party you are

suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what the complaint says. Instead, you must set out specific facts in *declarations, depositions, answers to interrogatories, or authenticated documents*, as provided in Rule 56(c). The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you as to the issues Defendant is challenging.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (with alterations) (emphasis added).

Having provided this notice to Plaintiff, the Court hereby **STRIKES** Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 55). Defendant's motion remains undisturbed and shall not be refiled or amended.

Plaintiff shall file any amended opposition brief no later than **Friday, December 1, 2017.** This brief shall not exceed 25 pages. Further, Plaintiff shall include in any amended opposition a revised separate statement of material facts that includes citations to sworn affidavits or declarations. Defendant shall file any reply to an amended opposition no later than **Friday, December 15, 2017**.

The Court **CONTINUES** the hearing set for December 8, 2017 at 1:30 p.m. That hearing is now scheduled for **January 19, 2018 at 1:30 p.m**. in Courtroom 2D.

Finally, the Court **DENIES AS MOOT** Plaintiff's Motion to Quash Defendant's Service of Summons (Dkt. No. 47). Pursuant to the Court's Order dated September 20, 2017, Defendants served Plaintiff with an Amended Motion for Summary Judgment on September 21, 2017, thus rendering Plaintiff's motion moot. *See* Dkt. No. 49.

**IT IS SO ORDERED.**

Dated: November 6, 2017

Hon. Gonzalo P. Curiel
United States District Judge