UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clayton Del THIBODEAU,<br><br>         Plaintiff,<br><br>v.<br><br>ADT, LLC, dba ADT Security Services, aka ADT Holdings, Inc.,<br><br>         Defendant. | Case No.: 16-cv-2680-GPC-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS HIS DEPOSITION (ECF No. 36)** |

After plaintiff was deposed, he asserts that he was not given timely access to his deposition transcript in accordance with Federal Rule of Civil Procedure 30(e). Based on this alleged procedural error, he moves the Court to: (1) bar the use of his deposition testimony for any purpose, (2) discipline opposing counsel, (3) discipline the deposition officer, and (4) order that any further pretrial examination of him be conducted exclusively by written interrogatories. Even assuming there was a Rule 30(e) violation, the Court has found no legal authority to justify such drastic sanctions.[1] So, plaintiff's motion is **DENIED**.

---

[1] The evidence of a Rule 30(e) violation is marginal, at best. A deponent must review the transcript within "30 days after being notified." Fed. R. Civ. P. 30(e)(1)(A). The deposition officer sent plaintiff a letter, notifying him that the transcript would be available for review for "30 calendar days following" the letter's date. (Pl. Ex. 1, ECF No. 36, at 6.)

1

Although this specific motion is improper, the Court recognizes that plaintiff Clayton Thibodeau, who is pro se, may have had good reasons for failing to review his deposition transcript before it was certified. On June 24, 2017, he learned that the transcript was available. In the notification letter, the transcription service provided contact information for all seven of its offices. (*See* Pl. Ex. 3, ECF No. 36, at 8.) But it appears Thibodeau was genuinely confused about which of these offices he was supposed to contact to review the transcript. (*See, e.g.*, ECF No. 53, at 5-6.) He has since learned the deposition officer's name, email address, and direct phone number. (*See* ECF No. 53, at 9-10.) Thus, he should have no further confusion about how to obtain a copy of the transcript.

To avoid any possible prejudice to Thibodeau, the Court allows him until February 9, 2018, to provide defendant with a statement of corrections under Rule 30(e), listing any changes to his May 30, 2017 deposition transcript and the reasons for making them. The parties are reminded that any proposed corrections under Rule 30(e) cannot "alter what was said under oath." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (citation omitted).

Dated: January 8, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge

---

But plaintiff argues that the 30 days should have begun running eight days later, when he actually received the letter. (Pl. Ex. 3, ECF No. 36, at 8.) Even if plaintiff is correct, he has not shown that the transcript was unavailable during those eight additional days.

Plaintiff also argues that the notification letter "failed to identify the location where the transcript was available for review," as well as a "contact person" and a "reasonable means for contacting the officer to make arrangements to review the (my) deposition transcript." (ECF No. 36, at 2.) But the notification letter did provide the name of the transcription service, as well as an address and phone number for all seven of its offices. (Pl. Ex. 1, ECF No. 36, at 6.)