UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU, Pro Se, <br><br>Plaintiff, <br><br>v. <br><br>ADT SECURITY SERVICES, a/k/a/ ADT HOLDINGS, INC., <br><br>Defendant. | Case No.: 3:16-cv-02680-GPC-AGS <br><br>**ORDER DENYING PLAINTIFF'S DEMAND FOR FINAL, APPEALABLE LANGUAGE OF SUMMARY JUDGEMENT ORDER** <br><br>**[DKT. NO. 74.]** |

On February 9, 2018, Plaintiff Clayton Del Thibodeau, proceeding pro se, filed a "Demand for Final, Appealable, Language of Summary Judgement Order Dkt. No. 69." Plaintiff appears to seek a final judgment from this Court, from which he could prepare a timely appeal. Dkt. No. 74.

Plaintiff's position is mistaken as there is no basis for a final judgment at this stage of the case. While the Court's Dkt. No. 69 Order granted summary judgment for several claims, the Court also *denied* summary judgment as to Plaintiff's First, Fourth, and Seventh Causes of Action. The Court concluded that "Accordingly, what remains in this case are Plaintiff's First, Fourth, Seventh, and Eighth[1] Causes of Action."

---

[1] Defendant's Motion for Partial Summary Judgment did not seek summary judgment as to Plaintiff's Eighth Cause of Action involving Timely Access to Thibodeau's Employee File.

A final judgment is a "decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Williamson v. UNUM Life Ins. Co*, 160 F.3d 1247, 1249 (9th Cir. 1998) (internal citations omitted). Orders granting partial summary judgment are, absent special circumstances,[2] not appealable final orders under 28 U.S.C. § 1291 because partial summary judgment orders do not dispose of all claims and do not end litigation on the merits.

Here, four causes of action remain in the case. The district court's grant of partial summary judgment did not end the litigation on the merits. Accordingly, the Court will **DENY** Plaintiff's request for an order of final judgment. As previously stated, what remains in this case are Plaintiff's First, Fourth, Seventh, and Eighth[3] Causes of Action.

**IT IS SO ORDERED.**

Dated: February 12, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] The Court concludes that plaintiff has not adequately shown that any special circumstances applies to warrant an immediate appeal. These narrow exceptions include whether (1) the case was a marginally final order, (2) disposed of an unsettled issue of national significance, (3) review implemented the same policy Congress sought to promote in § 1292(b), and (4) the finality issue was not presented to the appellate court until argument on the merits, thereby ensuring that policies of judicial economy would not be served by remanding the case with an important unresolved issue. *Williamson*, 160 F.3d at 1249.

[3] Defendant's Motion for Partial Summary Judgment did not seek summary judgment as to Plaintiff's Eighth Cause of Action involving Timely Access to Thibodeau's Employee File.