UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU, Pro Se,<br><br>                                  Plaintiff,<br>v.<br><br>ADT SECURITY SERVICES, a/k/a/<br>ADT HOLDINGS, INC.,<br><br>                                  Defendant. | Case No.: 3:16-cv-02680-GPC-AGS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF AND/OR AMENDMENT TO ORDER GRANTING PARTIAL SUMMARY JUDGMENT**<br><br>**[DKT. NO. 80.]** |

On March 1, 2018, Plaintiff Clayton Del Thibodeau ("Plaintiff" or "Thibodeau") filed an "Application for Recosideration [sic] of and/or Amendment to Order Granting Partial Summary Judgement." Dkt. No. 80. The Court will construe this filing as a Motion for Reconsideration under Federal Rules of Civil Procedure 59 and 60. On January 31, 2018, this Court issued an Order granting in part and denying in part Defendant's Amended Motion for Partial Summary Judgment. Dkt. No. 69. Specifically, this Court granted summary judgment as to Plaintiff's (a) Second Cause of Action re: Whistleblower Retaliation; (b) Third Cause of Action re: Distribution of Customer Information; (c) Fifth Cause of Action re: Overtime Pay; (d) Sixth Cause of

1

Action re: Rest Days; and (e) Ninth Cause of Action re: Failure to Post Whistleblower Laws. Dkt. No. 69 at 29. The Court denied summary judgment as to Plaintiff's (a) First Cause of Action re: California's Unfair Competition Law; (b) Fourth Cause of Action re: Vehicle Cost Reimbursements; and (c) Seventh Cause of Action re: Wage Statements.[1] *Id.* In the instant Motion, Plaintiff concedes to the Court's Grant of Summary Judgment on Plaintiff's Sixth (Rest Days) and Ninth (Failure to Post Whistleblower Laws) Causes of Action. Dkt. No. 80 at 2. Plaintiff filed his Motion on March 1, 2018. Dkt. No. 80. Defendant ADT filed its opposition on March 16, 2018. Dkt. No. 82. Plaintiff filed a reply on March 29, 2018. Dkt. No. 83.

The Court deems this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Defendant's motion and the applicable law, and for the reasons set forth below, the Court **DENIES** Plaintiff's Motion for reconsideration.

## I. LEGAL STANDARD FOR RECONSIDERATION

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a previously entered order. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The term "judgment" as used in the Federal Rules of Civil Procedure includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

---

[1] Defendant did not seek summary judgment as to Plaintiff's Eighth Cause of Action. *See* Dkt. No. 69 at 29.

Generally, reconsideration of a prior order is appropriate only if the district court is (1) presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Whether to grant or deny a motion for reconsideration is committed to the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party may not raise new arguments or present new evidence if it could have raised them earlier. *Kona Enters.*, 229 F.3d at 890.

Reconsideration motions are not intended to give parties a "second bite at the apple." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). Neither are they devices permitting the unsuccessful party to "rehash" arguments previously presented. *Id*. As another Court in this district has stated, significant policy rationales of judicial economy caution against the exercise of motions for reconsideration:

> In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision. Rarely does the losing party believe that its position lacked merit, or that the Court was correct in ruling against it. Rather than either accept the Court's ruling or appeal it, it seems to have instead become de rigueur to file a motion for reconsideration. The vast majority of these motions represent a simple rehash of the arguments already made, although now rewritten as though the Court was the opposing party and its Order the

brief to be opposed. It is easy for each litigant to consider only his or her own motion, and the seemingly manifest injustice that has been done to them. But the cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.

*Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN(BLM), 2007 WL 1053454, at *3 (S.D. Cal. Apr. 10, 2007). *See also Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.")[2]

## II. DISCUSSION

As a threshold matter, the Court first notes that Plaintiff has failed to follow the local rules, which require that any application for reconsideration be filed with a "certified statement of an attorney setting forth . . . (1) when and to what judge the application was made; (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Local Rule 7.1(i)(1).[3]

Here, Plaintiff is attempting to have a "second bite at the Apple" by rehashing arguments that the Court has previously rejected, or alternatively raising new evidence that could have been raised earlier in the litigation. Given the Ninth Circuit's teachings

---

[2] On February 12, 2018, Plaintiff filed a motion demanding the Court issue a final judgment in order to bring an appeal. Dkt. No. 74. This Court denied that motion, holding that four causes of action still remained in the case and thus a final judgment was not yet warranted. Dkt. No. 75.

[3] In his Reply, Plaintiff requests that the Court accept Plaintiff's signature in his initial Motion for Reconsideration to serve as an affidavit. Dkt. No. 83 at 8. The Court will decline to entertain this request as Plaintiff has not demonstrated any new argument or facts that could not have been raised at the time of his opposition.

4

that a motion for reconsideration should be granted only in extraordinary circumstances, and the fact that Plaintiff has not met any of the reasons to grant such a motion, the Court will **DENY** Plaintiff's Motion for Reconsideration.

### A. Second Cause of Action – Whistleblower Retaliation

#### 1. Cole Declaration

Plaintiff argues that the Court's reliance on Tricia Cole's declaration was flawed, arguing that her statement was false. Dkt. No. 80 at 3. This assertion was made before the Court in Plaintiff's opposition, and therefore is not a proper grounds for reconsideration. *See* Dkt. No. 80 at 4 ("This statement is false, as noted in Opposition.").

#### 2. Whistleblower Retaliation – Protected Activity

Plaintiff next argues that the Court erred by finding that Plaintiff had not engaged in a protected activity. Dkt. No. 80 at 6-8. Pertinently, the Court does not find that any of these arguments are valid to grant a motion for reconsideration because Plaintiff could have made these arguments in his opposition briefing. A party may not raise new arguments or present new evidence if it could have raised them earlier in the litigation. *Kona Enters.*, 229 F.3d at 890.

Moreover, the Court is not convinced that any new argument made here changes the Court's conclusion. With regard to the paper crumpling allegation, Plaintiff relies on an assertion in his amended complaint—that he reported the violation to Paul Singh— which he did not cite in his summary judgment briefing, and for which he did not present any evidence at the summary judgment stage. *See Heilman v. Cook*, 2017 WL 3783897, at *4 (S.D. Cal. Aug. 31, 2017) ("[A]t the summary judgment stage, a party cannot merely rely on allegations made in a complaint."); Dkt. No. 57, 60 (twice issuing *Rand* notice to Plaintiff discussing the requirement to present evidence to contest motion for summary judgment). Furthermore, Exhibit One attached to the instant Motion does not support this

5

3:16-cv-02680-GPC-AGS

factual assertion.[4]

Next, Plaintiff identifies California Business and Professions Codes 17500.3 and 17500.3(b) as statutory bases for why the "billboard" approach may be illegal. While the Court credits that this may arguably indicate a possible illegal activity, Plaintiff nonetheless did not cite these statutes in his opposition regarding his whistleblower claim. Plaintiff's citation to his opposition at 8:11-15 discusses ADT's alleged illegal activity, but does not identify a statutory basis for their illegality. Similarly, Plaintiff's citation to his Opposition at 7:18 refers to his UCL claim, and does not attempt to justify a protected activity on this basis. Indeed, Plaintiff's opposition makes only a cursory reference to whether he reported a protected activity. *See* Dkt. No. 62 at 9. Accordingly, the Court will not allow Plaintiff a "second bite at the apple" when these arguments could have been raised in his opposition.

With regard to Plaintiff's remaining arguments the Court is not persuaded that reconsideration is merited. For example, Plaintiff has still failed to articulate why providing leads to a dealer would constitute illegal activity. With regard to Plaintiff's arguments on nondiscriminatory reasons for the challenged action, his contentions are a "rehash" of arguments previously considered for which the Court cannot grant a motion for reconsideration. *See Ausmus*, 2009 WL 2058549, at *2. Moreover, Plaintiff argues, again, that the written warning upon which his transfer was denied was fraudulently issued and that he was more qualified than Brian Auerbach. Plaintiff previously made these

---

[4] In his Reply Brief, Plaintiff refers to a September 3, 2015 report entitled "Quick List of Unethical Management Practices" as Exhibit One to the Motion, which contains a statement regarding his reporting of muffling paper before Mr. Singh. Dkt. No. 83 at 10. It appears that Plaintiff may have attached the wrong exhibit to his motion as Exhibit One is an email between Plaintiff and Tricia Cole. *See* Dkt. No. 80 at 25-26. Nevertheless, any evidence relevant to this claim should have been raised in his opposition to summary judgment, not in the first instance on this motion for reconsideration. *See* Dkt. No. 60 at 2-3 (issuing *Rand* notice requiring plaintiff to set forth specific facts to oppose summary judgment); *Kona Enters.*, 229 F.3d at 889 (party may not use motion for reconsideration to present evidence for the first time when they could have reasonably been raised earlier in the litigation). Plaintiff appears to concede that the evidence is "new." Dkt. No. 83 at 11.

arguments in opposition and the Court concludes that these are not proper bases for reconsideration. *See Ausmus*, 2009 WL 2058549, at *2 (A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously un meritorious [sic] arguments."). With regard to information about James Brady, Plaintiff attempts to introduce additional facts and argumentation that could have been made at the time of the opposition. *See* Dkt. No. 80 at 11-12. This is, again, inappropriate on a motion for reconsideration. *See Kona Enters.*, 229 F.3d at 890. For these same reasons, the Court declines Plaintiff's arguments regarding pretext, and further observes that even if the new arguments were to have been considered that Plaintiff would have continued to have failed to provide "specific" and "substantial" evidence of pretext even considering Plaintiff's revised arguments.

**B.  First Cause of Action – UCL Claim**

**1.  Unpaid Wages – Excess Hours Worked**

Plaintiff argues that the Court neglected to allow Plaintiff's UCL claim based on upon Defendant denying Plaintiff money he either earned or had a right to recover. Dkt. No. 80 at 5. The Court did not allow this aspect of his UCL claim—purportedly based on a labor code violation for overtime hours worked—because the Court granted summary judgment as to Plaintiff's claims of working excess hours (overtime and rest days). Dkt. No. 69 at 29. As such, there would be no basis for a UCL claim on excess hours worked, and accordingly the Court will **DENY** Plaintiff's request to pursue his Section 17200 claim with regard to excess hours worked.

**C.  Third Cause of Action - Distribution of Customer Information**

With regard to Plaintiff's third cause of action, Plaintiff raises as a threshold matter that his complaint properly raised that the Third Cause of Action was raised on behalf of not only customers, but also himself. Dkt. No. 80 at 14. The Court disagrees. The

Amended Complaint explicitly states that the Third Cause of Action was brought on the basis that "ADT distributed and threatened to distribute the personal and private information of its customers and prospective customers to third-party vendors." Dkt. No. 14 at 20. The vast majority of the Third Cause of Action—as stated in the Amended Complaint—describes a violation of the *customer's* right of privacy and contains only a tangential reference to Plaintiff's personal information. *See* Dkt. No. 20.

Next, Plaintiff asserts that "personal, individual, distinguishable, concrete injury" is a matter best heard and weighed by a jury. Dkt. No. 80 at 15. However, standing is a legal issue for this Court to decide. *See Jewel v. National Sec. Agency*, 673 F.3d 902, 907 (9th Cir. 2011). Plaintiff next argues that California Civil Code 1798.81.5 does not require a person to be a "customer" to meet the standard for injury in fact, but merely requires that a person be a California resident, and that he suffered economic injury by being "robbed" of potential commissions. Dkt. No. 80 at 15. This argument, for which Plaintiff has not cited any case law, is a rehash of arguments made in Plaintiff's opposition and therefore is inappropriate for reconsideration. *See Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA (BGS), 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015) (motions for reconsideration are "not the proper vehicles for rehashing old arguments and not intended to give an unhappy litigant one additional chance to way the judge.") (citations omitted).

### D. Outside Salesperson Exemption

Plaintiff challenges the Court's conclusion that he constitutes an "outside salesperson." Dkt. No. 80 at 20. Plaintiff attempts to attack the "realistic expectations" test by pointing out that "There is always a divergence between 'written expectations and executed assignments.'" Dkt. No. 80 at 18. This attack ignores that the California Supreme Court has emphasized that *realistic* expectations are a core focus of the outside salesperson inquiry. *See Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 802 (1999) ("[T]he trial

8

court should also consider whether the employee's practice diverges from the employer's realistic expectations.") Moreover, Plaintiff ignores the federal case law establishing a definition of selling. *See, e.g.*, *Brody v. AstraZeneca Pharm. LP*, No. CV06-6862ABCMANX, 2008 WL 6953957, at *5 (C.D. Cal. June 11, 2008); *Nielsen v. DeVry, Inc.*, 302 F. Supp. 2d 747, 756-58 (W.D. Mich. 2003). Further, here too the Court notes that Plaintiff may not raise "new arguments" that could have reasonably been raised earlier in the litigation. *See Kona Enters.*, 229 F.3d at 890.

In addition, Plaintiff attempts to introduce a host of additional facts regarding his time records. *See* Dkt. No. 80 at 18-23. By doing so, he inevitably presents both "new arguments [and] [] new evidence" that he could have raised in his initial opposition to summary judgment in violation of the rule established in *Kona Enterprises*. 229 F.3d at 890.[5] For example, Plaintiff could have submitted a declaration in his opposition to support these assertions or made additional argumentation against these specific categories of information. Accordingly, Plaintiff has not presented an appropriate basis for reconsideration of this issue as Plaintiff's new evidence and arguments should have been raised in his opposition. *Id.*

Finally, Plaintiff challenges the Court's reliance on *Garnett v. ADT LLC*, 139 F. Supp. 3d 1121, 1123, 1131 n.2 (E.D. Cal. 2015). *See* Dkt. No. 80 at 23-24. The Court agrees with Plaintiff's proposition that he "is not Garnett" and "is not every other ADT Sales Rep." *Id.* Nonetheless, a similarly situated role is instructive as persuasive case law to a Court seeking to determine whether an ADT sales representative qualifies for the outside salesperson exemption. Moreover, any attempt to distinguish *Garnett* is additional new legal argumentation that could have been made in opposition to summary judgment

---

[5] This new evidence includes additional facts regarding ADT's time entry system, including detailed discussion regarding the time entries on two specific days cited in the Court's Order. *See* Dkt. No. 80 at 18-23.

briefing as both parties could have discovered and distinguished this case in earlier proceedings.

## CONCLUSION

The Court will **DENY** Plaintiff's Motion for Reconsideration of the portions of its Order Granting Partial Summary Judgment to Defendants. The Court **VACATES** the hearing currently set for April 20, 2018. The parties are directed to submit a joint request to the Honorable Magistrate Judge Schopler for a renewed scheduling order to set pre-trial deadlines and a pretrial conference date within seven business days of the entry of this order.

**IT IS SO ORDERED.**

Dated: April 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge