# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU, Pro Se,<br><br>Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, a/k/a/<br>ADT HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:16-cv-02680-GPC-AGS<br><br>**ORDER**<br><br>**(1) DENYING MOTION FOR DISQUALIFICATION AND REMOVAL OF DEFENDANT ADT LLC'S ATTORNEY OF RECORD**<br><br>**(2) DENYING DEFENDANT'S REQUEST FOR SANCTIONS**<br><br>**[DKT. NO. 86.]** |

On March 1, 2018, Plaintiff Clayton Del Thibodeau ("Plaintiff" or "Thibodeau") filed a "Motion for Disqualification & Removal of Defendant ADT LLC's Attorney of Record." Dkt. No. 80. Defendant ADT filed a response on May 10, 2018. Dkt. No. 91. Plaintiff filed a reply on May 22, 2018. Dkt. No. 95.[1] Plaintiff is represented In Propia

---

[1] On May 29, 2018, this Court received a supplemental reply from Plaintiff wherein Plaintiff stated that while researching the docket in this case, he saw the Dkt. No. 94 discrepancy order and interpreted that

Persona ("pro se"). Defendant ADT is represented by Fisher & Phillips LLC with three assigned attorneys—Lonnie D. Giamela, Nathan V. Okelberry, and Rayan Naouchi.

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Disqualification and **DENIES** Defendant's Request for Sanctions made in their opposition.

I.  **MOTION FOR DISQUALIFICATION**

   A.  **Standing**

Defendant first argues that Plaintiff lacks standing to raise a motion to disqualify counsel. Citing *Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999), Defendant asserts that typically a party moving to disqualify must be either a current or former client of an attorney or have an expectation of confidentiality. Under *Colyer*, non client litigants must establish a personal stake in the motion to disqualify sufficient to satisfy the "irreducible constitutional minimum" of Article III standing. 50 F. Supp. 2d. at 972. Moreover, Defendant asserts that an exception identified in *Colyer* for ethical breaches so egregious that it "so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims" does not apply to allow third party standing. *Id*.

This Court recently held in *Greenfield MHP Associates, L.P. v. Ametek, Inc.*, 2018 WL 538961, at *2-3 (S.D. Cal. Jan. 24, 2018), that it "possesses the power to consider

---

document to mean that the Court had ordered Plaintiff to file a revised reply. However, the Court *accepted* that filing and there was no need to file a supplemental pleading, nor a court order directing Plaintiff to do so. Accordingly, the operative reply is Thibodeau's timely submitted Dkt. No. 95 Reply. The supplemental reply and declaration included therein have been rejected for filing as Plaintiff has not sought leave to file a supplemental reply in this case. *See* Dkt. No. 96. In future filings, Plaintiff should take note that a filing that is "to be filed nunc pro tunc to date received" has been accepted for docketing and is appropriately filed before this Court. In contrast, a "rejected" filing is not accepted for docketing.

and decide [a] motion for disqualification by virtue of its inherent power to preserve the integrity of the adversary process." In so holding, the Court reasoned that it made little sense to apply the requirements of Article III standing to a party seeking disqualification of another party's counsel, given that the Court possessed an inherent power to disqualify attorneys appearing before it. *Id.* Consequently this Court concluded that "[t]he fact that the Court possesses an inherent power to disqualify Plaintiffs' Counsel *sua sponte* requires the conclusion that Article III has conferred that power regardless of how the ethical violation comes to the Court's attention." *Id.* at *3.

The Court explicitly recognized that this decision conflicted with *Colyer* and a series of decisions in this circuit that have relied on *Colyer*. *See Ametek*, 2018 WL 538961, at *4 n.3 (citing *inter alia Kaufmann v. Pima Cty.*, No. CV 11-534 TUC DCB, 2012 WL 12873766, at *2 (D. Ariz. Sept. 19, 2012); *So v. Land Base LLC*, No. CV 08-03336 DDP (AGRx), 2010 WL 3075641, at *2 (C.D. Cal. 2010)).

Given the Court's holding in *Ametek*, the Court concludes that the requirements of Article III standing do not prevent a non-client litigant such as Thibodeau from pursuing his motion for disqualification. Nonetheless, "[this] conclusion, of course, does not require that such a motion [for disqualification] be granted." *See Ametek*, 2018 WL 538961, at *5. Having found that Plaintiff has standing to bring the motion to disqualify, the Court proceeds to analyze the merits of his disqualification motion.

**B. Whether Disqualification is Appropriate**

The Court next considers whether disqualification is appropriate under these circumstances.

"The disqualification of counsel because of an ethical violation is a discretionary exercise of the trial court's inherent powers." *Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004). When considering the merits of the claim of a

violation of ethical rules, this Court considers California law. *See In re Cty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The Court is well aware, however, that a motion for "disqualification is a drastic measure that is disfavored . . . [b]ecause [it is] often tactically motivated." *Crenshaw*, 318 F. Supp. 2d at 1020. "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotation marks omitted). Even a violation of the California Rules of Professional Conduct does not automatically compel disqualification. *Crenshaw v. Mony Life Insurance Co.*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004) (citing *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 303 (1989.)) Moreover, the significant question is "whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court." *Gregori*, 207 Cal. App. 3d at 303. Disqualification is inappropriate simply to punish a dereliction that will likely have no substantial continuing effect on future judicial proceedings; other sanctions such as imposition of attorneys fees and costs or reporting misconduct to the State Bar of California is more appropriate in this situation. *Id.*

"Disqualification proceedings are equitable in nature . . . For this reason, courts may properly consider the totality of the circumstances, including whether the motion is being brought in bad faith or otherwise for tactical reasons." *Sherman v. CLP Res., Inc.*, No. CV 12-8080-GW (PLAx), 2015 WL 13542762, at *7 (C.D. Cal. Feb. 4, 2015) (citations omitted). "Because a motion to disqualify a party's counsel may implicate several important interests, it is important that judges examine such motions carefully, bearing in mind such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion."

*Yumul v. Smart Balance, Inc.*, No. CV 10-00927 MMM (AJWx), 2010 WL 4352723, at *3 (C.D. Cal. Oct. 8, 2010) (internal quotation marks and alterations omitted). "The district court is permitted to resolve disputed factual issues in deciding a motion for disqualification and must make findings supported by substantial evidence." *CrossFit Inc. v. JB&AP CFLA BIZ LLC*, No. CV1301374DMGRNBX, 2013 WL 12142635, at *2 (C.D. Cal. Oct. 24, 2013) (citations omitted).

### 1. Deposition Notice

Here, Plaintiff argues that Fisher & Phillips, ADT's counsel, has repeatedly engaged in professional misconduct in violation of California's Rules of Professional Conduct and other standards. Plaintiff presents a host of alleged violations discussed below.

First, Plaintiff argues that ADT's counsel committed misconduct by noticing a deposition in Los Angeles when Thibodeau lives in San Diego, California. Mot. at 15. Plaintiff argues that several local rules were violated by failing to discuss his availability in advance. ADT asserts that Plaintiff conveniently omitted that while the deposition was first inadvertently noticed for the Los Angeles office, an amended notice updated the location to San Diego and the deposition actually took place in the San Diego office. Okelberry Decl. ¶ 2. Plaintiff, in his reply, asserts that he emailed ADT to request a change to Fisher & Phillips' San Diego office on April 26, 2017, and that ADT did not issue an amended notice until May 15, 2017, approximately three weeks later and two weeks before the scheduled deposition. *See* Ex. 18-19.

Given that Attorney Okelberry has stated that this was an inadvertent error, the Court finds no ethical violation took place that rises to the level of a sanctionable offense, let alone the high bar for disqualification of ADT's chosen counsel. However, the Court cautions ADT to be wary of glossing over the facts as the Court finds that a three week delay is far too long a period to claim—as ADT did in its briefing—that it "quickly served"

an amended notice. *See* Opp. at 4.

## 2. Deposition Transcript

Next, Plaintiff argues that ADT's counsel made false statements with regard to the litigation of his motion to dismiss his deposition transcript in front of the Honorable Magistrate Judge Andrew Schopler (Dkt. No. 36). Specifically, Plaintiff challenges a statement made by Defendant that: "Instead of ensuring that H&B [the deposition company] received these alleged letters, Plaintiff decided to sit back and wait to file a motion to dismiss his entire deposition transcript. Plaintiff did not call, send an email, or follow up in any way to ensure receipt of his alleged letters . . ." Mot. at 16. As support for his allegation that he did make sure H & B received the letters, Plaintiff submits Exhibit 7, a USPS tracking receipt confirming that H & B received his letters. Defendant's opposition does not specifically address this issue. Even so, the Court observes that Defendant's statement does not rise to the level of a sanctionable offense or the high bar of requiring disqualification. Rather, it is at most an inaccurate statement and the type of garden variety hyperbole frequently seen in attorney argumentation. Moreover, Judge Schopler has previously resolved the merits of that motion and found that "Even assuming there was a Rule 30(e) violation, the Court has found no legal authority to justify such drastic sanctions." Dkt. No. 64 at 1 (finding that the evidence of a Rule 30(e) violation was "marginal, at best.").[2] As such, neither disqualification nor sanctions are not merited under these facts.

---

[2] On Reply, Thibodeau asserts that he did not make any changes to his deposition transcript because he did not receive Judge Schopler's Dkt. No. 64 order until February 3, 2018. As such, he challenges ADT counsel's statement that "Notably, despite crying foul about the inability to review his transcript, Plaintiff subsequently made **no** revisions to his deposition transcript." The Court observes that Thibodeau could have filed a motion for an extension to Judge Schopler based on the asserted facts but chose not to do so at that time.

### 3. Service Issues

Plaintiff argues *inter alia* that counsel filed nine falsely sworn proof of service affidavits on September 1, 2017. Ex. 10; Thibodeau Decl. ¶ 16. Plaintiff alleges that counsel chose to actively deceive the Court and Plaintiff by mailing motion papers to Plaintiff on September 5, 2017 under fraudulently sworn proof of service affidavits dated September 1, 2017. *See* Exs. 9-10. ADT asserts that the documents were sent out via FedEx Delivery on September 1, 2017, a Friday, and that FedEx made the delivery on September 5, 2017.[3] Okelberry Decl. ¶ 3.

On September 20, 2017, Plaintiff filed a Motion to Quash ADT's Motion for Partial Summary Judgment, arguing that the original motion for summary judgment had not been served on him in violation of the scheduling order. Dkt. No. 47. That day, the Court issued an order directing Defendants to either file an opposition brief or properly serve Plaintiff pursuant to *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996). Dkt. No. 48. ADT elected to re-serve Plaintiff pursuant to U.S. mail to correct this issue. Dkt. No. 49.

Fisher & Phillips' conduct here is neither sanctionable, nor requires disqualification. The filing issues appear to have been the result of inadvertent mistake, which is not behavior rising to the level of sanctions. *See* Dkt. No. 39 (notice of errata stating that exhibits were not properly attached to compendium of evidence and revising citations).

---

[3] On Reply, Thibodeau alleges that Okelberry Decl, Exhibit A is not authentic because it is not consistent with data available from online Fedex tracking information, presented at Exhibit 15-16, and with Exhibit 9, a FedEx receipt. Reply at 7. Thibodeau asserts that online tracking data shows the package was delivered to Bonita, CA, while the package was actually delivered to Alpine, CA. While on first glance there are some inconsistencies between the exhibits, one can infer an explanation for at least one of the inconsistencies. Exhibit 9 shows that the initial address mistakenly listed zip code 91902, the zip code for Bonita, CA, the same city listed in Exhibit 15. It appears that FedEx later corrected the zip code to 91901, the zip code for Alpine, CA, a fact further corroborated by Exhibit A ("10:29 am—Incorrect address – Zip/Postal code"). This corroboration between Exhibit 9 and Exhibit A is enough for the Court to infer that counsel did not intend to fabricate evidence before this Court such that any sanctions or disqualification would be warranted.

1  Moreover, Plaintiff's grievances regarding service have already received an adequate
2  remedy—the Court issued an order requiring Plaintiff to be properly served, which ADT
3  promptly complied with. *See* Dkt. No. 48.

### 4. Deposition and Summary Judgment Issues

Plaintiff challenges several acts by Fisher & Phillips related to his deposition and summary judgment. Mot. at 19-28. First, Plaintiff argues that ADT's counsel prevented Plaintiff from viewing his May 2015 ADT Salesforce Schedule and that ADT's counsel neglected to attach the May 2015 schedule as required by Federal Rule of Civil Procedure 30(f)(2)(A). Next, Plaintiff argues that Defense counsel misleadingly phrased a question at his deposition to minimize his supervisory experience and that defense counsel subsequently misrepresented Plaintiff's lack of supervisory experience before this court. In particular, Plaintiff asserts that defense counsel was in possession of his resume, application letters, and other employment records. Further, Plaintiff argues that counsel misrepresented plaintiff's position regarding travel time and that the Declaration of Tricia Cole contains multiple false and misleading statements. Finally, Plaintiff argues that ADT's counsel suppressed completed copies of Tricia Cole's conversation records and reporting letters.

Each of these actions allegedly undertaken by counsel involve the merits of the summary judgment motion and the corresponding deposition that preceded the filing of that motion. Plaintiff could have raised these objections at his deposition and could have challenged these issues in his opposition. For example, to the extent that Plaintiff alleges that Defendant did not present a complete record, he could have attached and cited those

documents in his opposition to summary judgment.[4]  Moreover, Plaintiff has repeatedly asserted some of these arguments in prior briefing regarding the merits of the summary judgment motion and in his motion for reconsideration.  The Court does not find that any of these allegations constitute any sanctionable activity, nor would require the extreme remedy of disqualification of counsel.

Given the lack of sanctionable misconduct asserted by Plaintiff and recognizing ADT's right to counsel of its choice and the financial burden it would cost to replace any disqualified counsel, the Court **DENIES** Plaintiff's Motion for Disqualification of Counsel.  To the extent that Plaintiff's Motion also requests sanctions, this request is also **DENIED**.

## II. DEFENDANT'S REQUEST FOR SANCTIONS

In their opposition, Defendant's request that the Court sanction Plaintiff under its inherent power to impose sanctions for bad faith conduct in litigation.   Defendants request $1,870.50 reflecting Defendant's fees and costs associated with opposing the motion for disqualification.  Okelberry Decl. ¶ 4.

District courts have inherent power to impose sanctions even where the bad faith conduct also may be sanctioned under statutes or rules. *Chambers v. NASCO*, 501 U.S. 32, 45 (1991). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

---

[4] Embedded in Plaintiff's argument is the notion that the Court discouraged Plaintiff from introducing additional documentary evidence by striking Plaintiff's initial 58 page opposition as in violation of the local rule establishing a 25 page limit. On Reply, he asserts that he subjectively understood the Court's *Rand* notice to forbid Plaintiff from submitting new documentary evidence in his opposition. The Court observes that Plaintiff could have submitted a motion seeking leave to file a brief exceeding 25 pages, but did not do so. Additional exhibits, also, would have not counted against the 25 page limit. Moreover, he could have submitted an inquiry as to whether additional documentary evidence could have been submitted, but did not do so.

expeditious disposition of cases." *Id*. When the court imposes sanctions under its inherent power, there must be some showing that the party acted willfully or in bad faith. *Id*. at 43.

The Court will decline to find—at this time—that Plaintiff filed his motion for disqualification with bad faith. Plaintiff explicitly states that he has "weighed the possible perception of the Court that Plaintiff's Motion may be a tactical device" and explains that there was no tactical advantage to gain through the Motion given that Summary Judgment has concluded. Mot. at 9. Plaintiff has clearly considered the possibility that Court could view his filing as in bad faith and has proffered acceptable reasoning for why he pursued the litigation of this motion. As such, the Court **DENIES** Defendant's request for sanctions against Plaintiff.

## CONCLUSION

The Court **DENIES** Plaintiff's Motion for Disqualification and Removal of Defendant ADT LLC's Attorney of Record. The Court **DENIES** Defendant's Request for Sanctions. The Court **VACATES** the hearing currently set for June 8, 2018.

**IT IS SO ORDERED.**

Dated: June 4, 2018

Hon. Gonzalo P. Curiel
United States District Judge