UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU, Pro Se,<br><br>         Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, a/k/a/<br>ADT HOLDINGS, INC.,<br><br>         Defendant. | Case No.: 3:16-cv-02680-GPC-AGS<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR THE RECUSAL OF JUDGE CURIEL AND MAGISTRATE JUDGE SCHOPLER**<br><br>**[DKT. NO. 102.]** |

On July 13, 2018, Plaintiff Clayton Del Thibodeau ("Plaintiff" or "Thibodeau") filed a "Statement, Declaration & Affidavit of Clayton Del Thibodeau in Support of Plaintiff's Request for the Recusal of Judge Curiel and Magistrate [Judge] Schopler." Dkt. No. 102.

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the matter suitable for adjudication without oral argument. For the reasons set forth below, the Court **DENIES** Plaintiff's Request for the Recusal of Judge Curiel and Magistrate Judge Schopler.

**I. MOTION FOR JUDICIAL RECUSAL**

Plaintiff invokes 28 U.S.C. § 144 and 28 U.S.C. 455(a) as the basis of his motion for

disqualification. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Section 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, under Section 455(b)(1) a judge shall be disqualified "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The same substantive standard applies to recusal based on Sections 144, 455(a) and 455(b)(1). *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). This standard asks whether a "reasonable person with knowledge of all the facts would conclude that [his] impartiality might be questioned." *In re Focus Media, Inc.*, 378 F.3d 916, 929 (9th Cir. 2004). The "reasonable person" for this inquiry is not "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913-914 (9th Cir. 2008). In evaluating recusal or disqualification, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005).

An affidavit filed pursuant to 28 U.S.C. § 144 is not legally sufficient "unless it specifically alleges facts that fairly supports the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Sibla*, 624 F.2d at 868.

Here, Plaintiff has filed a request for the recusal of both Magistrate Judge Schopler

and the undersigned Judge. Plaintiff has filed an affidavit pursuant to 28 U.S.C. § 144. Plaintiff's affidavit alleges *inter alia* that (1) the undersigned Judge and Judge Schopler have failed to timely serve notices and orders to Plaintiff; (2) the undersigned Judge has failed to examine supporting citation materials regarding Plaintiff's summary judgment motion; (3) various other issues related to this Court's rulings on Plaintiff's motion for summary judgment (Dkt. No. 69) and motion for reconsideration (Dkt. No. 84).

Here, Plaintiff's contentions against both Magistrate Judge Schopler and this Court do not involve allegations of bias and prejudice stemming from *extrajudicial* proceedings. Accordingly, the Court finds that Plaintiff's affidavit is not legally sufficient under 28 U.S.C. § 144 because it does not specifically allege facts that fairly support the contention that the judge[s] exhibit[] bias or prejudice directed toward a party that stems from an *extrajudicial source*." *See Sibla*, 624 F.2d at 867; *In re Focus Media, Inc.,* 378 F.3d 916, 930 (9th Cir. 2004) ("'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"). Given the duty of a federal duty to sit in judgment in all cases before him in the absence of a legitimate reason to recuse himself, the Court will **DENY** Plaintiff's request to recuse both Judge Schopler and the Undersigned Judge. *See Harrison v. Wheat, No. 317CV01550AJBBLM*, 2017 WL 4169765, at *1 (S.D. Cal. Sept. 20, 2017) (denying motion to recuse all district judges and magistrate judges in the Southern District of California); *Sibla*, 624 F.3d at 968 (rejecting Section 144 recusal motion where affidavit was "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source."); *Chappell v. Pliler*, No. 2:04-CV-1183 LKK DAD, 2013 WL 552153, at *1 (E.D. Cal. Feb. 13, 2013) (denying motion to recuse magistrate judge where allegations of bias stemmed from rulings made by magistrate judge that were unfavorable to plaintiff).

## II. REQUEST TO CANCEL AND POSTPONE SETTLEMENT CONFERENCE

Plaintiff also requests to cancel or postpone the settlement conference set for July 16, 2018. On July 13, 2018, Magistrate Judge Clinton Averitte[1] issued the following minute order rescheduling the Settlement Conference for Friday, July 20, 2018:

> MINUTE ENTRY and ORDER (CEA): On July 11, 2018, the Court called plaintiff to request his settlement brief for the July 16, 2018 Settlement Conference. At that time, plaintiff informed the Court that he had not received the order setting the proceeding (see ECF No. 90), and that he was unable to attend. The Court then contacted defense counsel on July 13, 2018, to provide notice that the settlement conference would be continued. Accordingly, the July 16 Settlement Conference is vacated and rescheduled to Friday July 20, 2018, at 2:00 p.m. Plaintiff must submit a confidential settlement statement to efile_schopler@casd.uscourt.gov by July 16, 2018. The Clerk is ordered to call plaintiff and defense counsel Lonnie Giamela to notify them of this Order. Signed by Magistrate Judge Clinton Averitte on 7/13/18.(no document attached) (jrg) (Entered: 07/13/2018)

Dkt. No. 100. Based on the foregoing, there is no basis to delay this settlement conference based on the recusal of Judge Curiel or Judge Schopler. Moreover, the Settlement Conference is being conducted by Magistrate Judge Averitte. Accordingly, the Court will **DENY** Plaintiff's request to cancel and postpone the Settlement Conference. Pursuant to Magistrate Judge Averitte's Minute Order, the Settlement Conference shall go forward on July 20, 2018.

## CONCLUSION

The Court **DENIES** Plaintiff's Request for the Recusal of Judge Curiel and Judge Schopler. The Court **DENIES** Plaintiff's Request to Cancel or Reschedule the Settlement Conference. The settlement conference set for July 20, 2018 shall go forward pursuant to Magistrate Judge Averitte's Order (Dkt. No. 100).

---

[1] Magistrate Judge Schopler is temporarily unavailable.

**IT IS SO ORDERED.**

Dated: July 17, 2018

Hon. Gonzalo P. Curiel
United States District Judge