1
2
3
4
5
6
7                       UNITED STATES DISTRICT COURT
8                     SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| CLAYTON DEL THIBODEAU, Pro Se,<br><br>                              Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, a/k/a/<br>ADT HOLDINGS, INC.,<br><br>                              Defendant. | Case No.:  3:16-cv-02680-GPC-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S REQUEST TO CONTINUE FINAL PRETRIAL STATUS CONFERENCE AND AMEND THE SCHEDULING ORDER;**<br><br>**(2) DIRECTING PLAINTIFF TO CONSIDER SERVICE BY CM/ECF;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[DKT. NO. 106.]** |

      On July 23, 2018, Plaintiff Clayton Del Thibodeau ("Plaintiff" or "Thibodeau")

filed a Motion requesting (1) to continue the final pretrial status conference; (2) to amend

1

the scheduling order regulating pretrial proceedings; (3) to properly serve plaintiff in accordance with law; and (4) to reconsider self-recusal.  Dkt. No. 106.

## I.      SERVICE

Plaintiff asserts *inter alia* in his motion that Magistrate Judge Schopler failed to serve him with Dkt. No. 90, a scheduling order setting forth the amended pre-trial deadlines in this case.  As a result, Plaintiff states that he was not able to comply with the requirements of this scheduling order.  The Court will accept Plaintiff's claim that he did not receive the scheduling order and will suggest that the Plaintiff seek permission to request access to the CM/ECF system to avoid any further issues with service of court orders.

As background, the Court sets forth the process by which an Order, issued by a judge in the Southern District of California, is sent to a pro se plaintiff.  When an order is docketed, a prompt in the Court's electronic filing system (known as CM/ECF) asks whether the document needs to be sent U.S. mail (as is required for a pro se plaintiff).  This generates a "non-registered users served via U.S. mail service" notification in the docket text for the docket entry of the order.  Once the order is docketed in CM/ECF and has a docket entry number, the Clerk of Court will print the order, create an envelope for the party to be served via U.S. mail, and place the envelope in the outbox to be picked up and sent out to the litigant.  If the United States postal service is unable to deliver the mail to the litigant, then the mail will be "returned" and the Clerk of Court will stamp the envelope and docket the returned envelope and document within the envelope.  Given these established procedures, it is highly unlikely that the various orders Plaintiff asserts have not been "served" have not been mailed to him.  In particular, no docket entry reflects that any mail has been returned as undeliverable.

Recognizing Plaintiff's pro se status, the Court will describe opportunities available to Plaintiff to ensure that each order and document in the docket of this case is received. First, the Court will allow Plaintiff the opportunity to request access to the CM/ECF system. The Casement/Electronic Case Files system referred to generally as CM/ECF allows registered users to electronically file documents with the court and allows the court to issue orders and notices. Whenever a filing is docketed by either a party or the Court, a notice of electronic filing is generated and sent to the registered user's email address. Plaintiff has previously asserted that the service by mail process usually takes place between three to four days after filing. Dkt. No. 95 at 19. Accordingly, recognizing Plaintiff's pro se status and desire to obtain instantaneous notice of filings and notices, the Court will allow Plaintiff the opportunity to request access to the CM/ECF system.

Plaintiff is **DIRECTED** to review Civil Rule 5.4[1] and the Southern District of California's Electronic Case Filing Administrative Policies and Procedures.[2] The Clerk's Office can provide required training on the CM/ECF system. If Plaintiff wishes to obtain access to CM/ECF, he may submit a motion to this Court requesting access to the Court's electronic filing system.

In the alternative, Plaintiff may access the docket at the public terminal available at the federal district courthouse to ensure that he has received all filings. To the extent that there are docket entries listed on the public docket that he has not received, Plaintiff

---

[1] Available at
https://www.casd.uscourts.gov/Rules/SiteAssets/SitePages/LocalRules/Local%20Rules%202018.pdf
[2] Available at
https://www.casd.uscourts.gov/CMECF/Lists/Policies%20and%20Procedures/Attachments/8/CASDPolicies_03-02-2018.pdf

should affirmatively contact the Clerk's Office to make them aware of any further service issues.

Finally, the Court also wishes to inform Plaintiff that the telephone call made to him by Magistrate Judge Schopler's law clerk was outside of any rule of court, statute or the usual procedures of the Southern District of California. The standard procedure of this Court is to issue notices and filings via mail or the CM/ECF system, as described above. Plaintiff should not expect any telephone calls or follow-up emails from this Court or from Magistrate Judges Schopler and Averitte.

By following the above procedures, any service issues can be properly addressed and this case can move forward expeditiously.

## II.    MOTION FOR RECONSIDERATION

Plaintiff also requests that the Court reconsider its denial of Plaintiff's request for the recusal of this undersigned Court and that of Magistrate Judge Schopler. Generally, reconsideration of a prior order is appropriate only if the district court is (1) presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Whether to grant or deny a motion for reconsideration is committed to the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A party may not raise new arguments or present new evidence if it could have raised them earlier. *Kona Enters.*, 229 F.3d at 890.

Plaintiff has not provided any basis—under the above case law—to warrant reconsideration of the Court's prior order. There is no newly discovered evidence of bias, the Court determines it has not committed any clear error, and no intervening change in controlling law exists. Plaintiff request on reconsideration does not allege bias stemming from an extrajudicial source. Accordingly, the Court will deny Plaintiff's request for reconsideration. *See In re Focus Media, Inc.,* 378 F.3d 916, 930 (9th Cir. 2004).

## III. REVISED SCHEDULING ORDER

Finally, recognizing Plaintiff's alleged service issues, the Court will **GRANT** Plaintiff's request for an amended scheduling order and will reset the pre-trial conference date in order to allow Plaintiff an opportunity to fully litigate this case. Accordingly, the revised scheduling order is as follows:

1.      A Settlement Conference is rescheduled for **September 12, 2018** at **9:00 a.m.** in the chambers of **Magistrate Judge Lewis**.[3] Counsel or any party representing himself or herself who has not yet lodged a confidential settlement brief or who wishes to file a supplemental brief may submit one via email efile_schopler@casd.uscourts.gov by **September 5, 2018**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

2.      Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

3.      Counsel or any party representing himself shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 28, 2018**. Failure to

---

[3] Magistrate Judge Lewis, at that time, will be sitting in the San Diego Courthouse. The parties should confirm the location of the settlement conference prior to this date.

comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

4.     Counsel and any party representing himself shall meet and take the action required by Local Rule 16.1(f)(4) by **October 5, 2018**.  At this meeting, the parties shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. They shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel and any party representing himself shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  They shall cooperate in the preparation of the proposed pretrial conference order.

5.     Counsel for defendants will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **October 12, 2018**, defense's counsel must provide plaintiff with the proposed pretrial order for review and approval.  Plaintiff must communicate promptly with defendants' attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

6.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **October 19, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

7.     The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **October 26, 2018** at **1:30pm**.  The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion in limine hearing date during the pretrial conference.

8.     The parties must review the chambers' rules for the assigned district judge

and magistrate judge.

9.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

10.     The dates and times set forth herein will not be modified except for good cause shown.

11.     Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

12.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

## CONCLUSION

Having considered the motion, the Court will:

- (1) **GRANT** Plaintiff's Request for an Amended Scheduling Order and Pre-Trial Conference Date.  The revised deadlines are set forth above.  The Pre-Trial Conference is set for **October 26, 2018 at 1:30 PM in Courtroom 2D**.
- (2) **DIRECT** Plaintiff to consider the use of the CM/ECF system.  If Plaintiff wishes to use the CM/ECF system, Plaintiff should file a motion to request access promptly so that he can obtain access and training on the system for future use and access.
- (3) **DENY** Plaintiff's Request for Reconsideration of the Court's Dkt. No. 103 Order.

**IT IS SO ORDERED.**

Dated:  July 24, 2018

Hon. Gonzalo P. Curiel
United States District Judge