UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU,<br><br>    Plaintiff,<br><br>v.<br><br>ADT LLC, d/b/a/ ADT SECURITY SERVICES, a/k/a/ ADT HOLDINGS INC.,<br><br>    Defendant. | Case No: 3:16-cv-02680-GPC-AGS<br><br>**ORDER REGARDING PLAINTIFF'S MOTION**<br><br>**[ECF No. 112.]** |

## **ORDER**

On September 13, 2018, pro se Plaintiff Clayton Del Thibodeau "Plaintiff" filed a motion (1) to vacate settlement conferences, (2) to reconsider procedures for court service of documents on plaintiff, and (3) to reconsider recusal of Judge Gonzalo P. Curiel and Magistrate Judge Andrew G. Schopler. (ECF No. 112.)

Plaintiff's requests are borne, in part, out of events which occurred on September 12, 2018, when Plaintiff appeared at the Courthouse in anticipation of attending a previously-scheduled settlement conference. Although the docket reflects that a copy of the August 30, 2018 order resetting the settlement conference (from September 12, to September 13) was served upon Plaintiff via U.S. mail,

Plaintiff states that he never received notice that the settlement conference had been rescheduled. Because Plaintiff indicated that he would not be able to return to the Courthouse the next day, Magistrate Judge Ruben B. Brooks entered a Minute Order vacating the settlement conference scheduled for September 13, 2018. (ECF No. 110.) The Plaintiff filed this motion shortly thereafter.

## DISCUSSION

First, since there are no pending settlement conferences scheduled in this matter, Plaintiff's motion to vacate is denied as moot.

Second, the Court will deny in part and defer in part on ruling on Plaintiff's motion to reconsider recusal. Plaintiff's request—if assessed under the procedural requisites applicable to a bona fide motion for reconsideration—would be untimely. Pursuant to Local Rule 7.1(i)(2), any applications for reconsideration must be filed with 28 days of the order sought to be reconsidered. The Court previously denied Plaintiff's July 13, 2018 request for recusal on July 17, 2018 (ECF No. 103), and his first motion for reconsideration of that order, on July 24, 2018 (ECF No. 107), approximately 58 and 51 days before his present motion for reconsideration.

As such, the Court will deny the request for reconsideration to the extent that it is predicated on facts and circumstances previously addressed and rejected in the Court's July 17, 2018 order. (ECF No. 103.)

At the same time, the Court recognizes that Plaintiff's present motion seeks recusal, at least in part, on the basis of factual circumstances and developments which occurred after the Court's July 17, 2018 order. (*See* ECF no. 112, at 11 (requesting relief based on Plaintiff's allegations of improper judicial conduct, "some of which occurred subsequent to Order Dkt. No. 103".)) The Court is willing to construe those allegations as constituting a *new* motion for recusal that is not subject to the Rule 7.1(i)(2) time bar. Consequently, observing that a final

Pretrial Conference has been scheduled for this matter on October 26, 2018, at 1:30, the Court will set that limited portion of Plaintiff's present motion—i.e., that part of the motion which addresses facts arising after July 17, 2018—for a hearing on the same day as the Pretrial Conference.

Finally, the Court will grant Plaintiff's request to reconsider service. The Court has previously addressed Plaintiff's concerns about not receiving service (or receiving mailed service in an untimely fashion). (*See* ECF No. 107.) The Court instructed Plaintiff to review the applicable rules on the Court's Case Management/Electronic Case Files system ("CM/ECF") and to submit a motion requesting access to CM/ECF if he desired to view items on the docket directly, as opposed to through the U.S. mail. (*Id.* at 3.) Although it does not appear that Plaintiff ever submitted a motion for CM/ECF access, in light of Plaintiff's pro se status, the Court is prepared to accommodate Plaintiff's renewed request for alternative service. As such, the Court will direct the Clerk to send copies of all future docket entries to Plaintiff's email address. A member of the CM/ECF team has confirmed with Plaintiff that his preferred email address is clayton.thibodeau@cox.net.

## CONCLUSION

Having considered Plaintiff's motion, the Court will:

(1) **DENY** the motion to vacate settlement conference as moot;

(2) **SET** a limited portion of Plaintiff's request for recusal for hearing on **October 26, 2018, at 1:30 PM** in Courtroom 2D. Any responses must be submitted before **October 12, 2018**. Any reply must be submitted before **October 19, 2018**.

(3) **GRANT** the motion to reconsider procedures for court service of documents on plaintiff. The Clerk is directed to add Mr. Clayton Del Thibodeau to the service list and to send all future orders,

notices, judgments, and docket entries to the email address listed in this order.

**IT IS SO ORDERED.**

Dated: October 1, 2018

Hon. Gonzalo P. Curiel
United States District Judge