# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU,<br><br>Plaintiff,<br><br>v.<br><br>ADT LLC, d/b/a/ ADT SECURITY SERVICES, a/k/a/ ADT HOLDINGS INC.,<br><br>Defendants. | Case No.: 3:16-cv-02680-GPC-AGS<br><br>**ORDER ON CROSS MOTIONS FOR RE-TAXATION OF COSTS**<br><br>**[ECF Nos. 143, 146]** |

Before the Court are the parties' cross-motions for re-taxation of costs. ECF Nos. 143, 146. Plaintiff also requests that the Court review its final judgment on the basis that the Court failed to award Plaintiff the damages to which he was entitled. ECF No. 143. In considering these requests, the Court has reviewed all the filed, pertinent documents and considers these motions fully briefed pursuant to Local Rule 7.1(a). ECF Nos. 14, 69, 118, 1125, 129, 130–152.

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure ("FRCP") 60(a), the Court *sua sponte* amends its prior judgment, ECF No. 130, to now award $5,252.30 as interest on Plaintiff's reimbursement damages. The Court declines to award penalties, liquidated damages, or interest on the costs. In light of the total damages

awarded, the Court also finds that FRCP 68 does not render Defendant the "prevailing party," and thus Plaintiff is entitled to costs. The Court awards $2,841.94 in costs.

Thus, after accounting for Plaintiff's original damages of $11,254.93 for violations of California's Unfair Competition Law ("UCL") § 17200 and California Labor Code ("CLC") § 2802, and $750.00 for violations of CLC § 1198.5(a) violation, the Court directs Defendant to pay Plaintiff, in total, $20,099.17.

## I.     PROCEDURAL BACKGROUND

On December 7, 2016, Plaintiff filed an amended complaint against Defendant. ECF No. 14. Plaintiff alleged nine claims, including, (1) violations of the UCL; (2) whistleblower retaliation; (3) violations of Defendant's fiduciary duty to Plaintiff through the unauthorized distribution of information related to Plaintiff's customers; (4) failure to reimburse Plaintiff for expenses he incurred while using his personal vehicle for work (the CLC § 2802 claim); (5) failure to pay overtime; (6) failure to provide rest days; (7) failure to provide wage statements (the CLC § 226 claim); (8) denial of timely access to employee file (the CLC § 1198.5(a)); and (9) failure to display a list of employees' rights and responsibilities. *Id.* On January 31, 2018, the Court granted Defendant's motion for summary judgment as to the second, third, fifth, sixth, and ninth claims. ECF 69 at 29.

On January 16, 2019, the Court held a one-day bench trial and took the matter under submission. ECF No. 126. On April 18, 2019, the Court issued its memorandum decision pursuant to FRCP 52 and found for the Plaintiff on his (1) UCL claim, (2) CLC § 2802 claim, and (3) CLC § 1198.5(a) claim. ECF No. 130 at 20. The Court found for Defendant on Plaintiff's CLC § 226 claim. *Id.* The Clerk entered judgment, awarding Plaintiff $11,254.93 in damages for his UCL and § 2802 claims and an additional $750.00 for his § 1198.5(a) claim. ECF No. 131. The Court did not award interest. *Id.*

On May 2, 2019, Defendant submitted a bill of costs with supplemental documentation. ECF Nos. 131, 132. On May 6, 2019, Plaintiff also submitted a "Motion for Costs and Fees." ECF No. 134. On May 17, 2019, Defendant filed an opposition to

Plaintiff's motion.[1] ECF No. 136. On May 23, 2019, Plaintiff also filed an opposition to Defendant's bill of costs. ECF No. 139. Defendant objected to Plaintiff's opposition on the basis that it was untimely on June 3, 2019. ECF No. 140. After holding a telephonic hearing June 5, 2019, the Clerk of Court rendered decisions on each party's bill of costs on June 21, 2019. ECF Nos. 141, 142.

On June 26, 2019, Plaintiff filed a motion for re-taxation of costs and for a "final judgment that includes all relief to which Plaintiff is entitled and that includes all appealable language." ECF No. 143 at 8. Plaintiff argued that the Court's judgment was not final, and thus the Court could still issue an order pertaining to Plaintiff's requests for interest on the reimbursement, interest on the costs, penalties, and liquidated damages. *Id.* at 8–11. Defendant filed an opposition on July 11, 2019 arguing that the Court's decision was final and that, in any event, Plaintiff's requests for additional damages were unsupported by law and pled without sufficient notice to Defendant as they were not mentioned in the pre-trial order. ECF No. 149 at . On July 16, 2019, Plaintiff replied. ECF Nos. 149, 151. On June 28, 2019, Defendant filed a motion for re-taxation of costs as well. ECF No. 146. Plaintiff filed an opposition on July 11, 2019, and Defendant replied on July 22, 2019. ECF Nos. 150, 152.

## II. ANALYSIS

The parties raise a number of questions for the Court to consider. First, the Court will assess if Plaintiff's non-cost arguments are valid and merit an additional damages award. Second, if valid, the Court will ascertain whether it has the authority to award such damages now in a post-judgment posture. Lastly, the Court will address the parties' arguments as to costs, including who is the prevailing party, and the amount to which they are entitled in costs.

---

[1] This document was styled incorrectly on CM/ECF as "RESPONSE in Opposition re 134 MOTION for Attorney Fees filed by ADT LLC." ECF No. 136.

### a. Plaintiff is Owed Interest on the Reimbursement.

#### 1. Plaintiff Validly Claims that He is Owed Interest on his Award.

Plaintiff claims that the Court erred in failing to award him interest on his "reimbursement for necessary expenditures" pursuant to CLC § 2802(a)–(c). ECF No. 130 at 20. Plaintiff is correct. The CLC leaves no room for the Court's discretion on whether to award interest: "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section *shall* carry interest at the same rate as judgments in civil actions." CLC § 2802(b) (emphasis added). Where the statutory language is clear, the Court must apply the law as stated. *See Commodity Futures Trading Comm'n v. P.I.E., Inc.*, 853 F.2d 721, 725 (9th Cir. 1988) ("We recognize that as a general rule a court should not look beyond a statute if its meaning is plain.")

The weight of precedent also compels this result. California courts recognize that interest may be awarded on reimbursement matters and on UCL claims. *See*, *Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 4 (2007) (contemplating an award for reimbursement of work-related expenses which includes prejudgment interest under CLC § 2802); *Espejo v. The Copley Press*, Inc., 13 Cal. App. 5th 329, 375 (Ct. App. 2017) (discussing the requirements of awarding interest in a UCL matter pursuant to Cal. Civ. Code § 3287(a)). Similarly, though federal court applications of § 2802 are less frequent, there is a consensus that supports awarding interest. *See, e.g.*, *Bowerman v. Field Asset Servs., Inc.*, No. 3:13-CV-00057-WHO, 2018 WL 2952664 (N.D. Cal. June 13, 2018) (granting prejudgment interest to Plaintiff's claims arising from § 2802); *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2010 WL 3155645, at *4 (N.D. Cal. Aug. 9, 2010) (approving a class settlement in part on the basis that Plaintiff's damage calculations, which included interest under § 2802(b), were "sound"); *Bender v. Lincoln Nat'l Life Ins. Co.*, No. CV-09-03959-DMG-PJWX, 2010 WL 11597297, at *14 (C.D. Cal. Nov. 12, 2010) (noting that a violation of § 2802 "may result in an award of *interest*, costs, and attorneys' fees" in an Order rejecting defendant's motion for summary judgment) (emphasis added); *Achey v. Synthes (U.S.A.)*, No. 1:08-CV-477-LJO-GSA,

2008 WL 5233181, at *1 (E.D. Cal. Dec. 12, 2008) (noting Plaintiff's allegation for damages, inclusive of interest, under CLC § 2802).

Defendant's argument, moreover, that Plaintiff failed to provide sufficient notice of his claim to interest is unpersuasive. Defendant mistakenly relies on *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981), for the proposition that Plaintiff waived his claim to interest when he chose not to include it in the pre-trial order. ECF No. 149 at 8–9; ECF No. 125 at 3–5. This case, however, only stands for the proposition that the Court may not entertain a theory of liability absent from the pre-trial order and thus does not apply to the question of damages. *First Nat. Bank*, 652 F.2d at 886–87. As the Court informed both parties at the pre-trial hearing in response to Plaintiff's questions on the pre-trial order, the determination of damages necessarily follows from the evidence adduced at trial and thus the pretrial order was "not binding" as to damages. ECF No. 118 at 30–32.

Also, a "general prayer in the complaint is adequate to support an award of prejudgment interest." *N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 829 (1998). Here, Plaintiff met that standard by stating, in his amended complaint, that he sought an "amount reasonably calculated as equal to Plaintiffs actual vehicle costs, plus interest accrued from September 9, 2014 through the date of settlement." ECF No. 14 at 25. In addition, Plaintiff attempted to raise the issue of costs at the end of trial and, because *pro se* Plaintiff's motions evince his confusion on whether interest is a cost, it is reasonable for this Court to infer that he was referring at trial to interest damages. *See* ECF No. 139 at 208–12 (stating at trial, in reference to a cost summary not admitted as evidence, "I have a right to recover my reasonable legal costs, so I provided my reasonable legal costs"); ECF No. 150 at 8 (asserting in his reply motion, "I have clear recollection of attempting multiple times, near the end of trial proceedings, to argue in favor of receiving Labor Code 2802 costs and other relief.").

Thus, having determined that an interest award is required by California law, and that Plaintiff properly put the Court and the parties on notice of his intent to seek interest,

the question becomes how to apportion that interest, namely, (1) determining the date from which interest is accrued, (2) the interest rate to be applied, and (3) whether such interest is to be compounded. As to the first issue, the CLC states that interest "shall accrue from the date on which the employee incurred the necessary expenditure or loss." CLC § 2802(b). Because ADT's failure to reimburse Plaintiff for mileage occurred over the course of Plaintiff's employment, the Court elects to apply interest as of February 21, 2015 – a date in the middle of Plaintiff's employment period beginning on September 9, 2014 and ending on October 2, 2015 – as this is reasonable and consistent with California caselaw. ECF No. 130 at 2; *see Espejo*, 13 Cal. App. 5th at 376 (awarding interest on damages for reimbursement of work expenditures under the UCL as of January 1, 2006, a date "in the middle" of the Plaintiff class's injury period).

As to the second issue, Plaintiff asserts that interest should be calculated at 7% per year. ECF No. 134 at 4–6. Defendant correctly observes that Plaintiff has no basis for that assertion. ECF No. 149 at 8. Consequently, the Court elects to follow California state law, as Plaintiff's claims arises under the CLC, and apply a rate of 10% per year until the judgment is satisfied.[2] *See Faris v. Cingular Wireless LLC*, No. G045602, 2013 WL 704327, at *11 (Cal. Ct. App. Feb. 27, 2013) (quoting Cal. Civ. Proc. Code § 685.010(a)) (applying an interest rate of "10 percent per annum on the principal amount of a money judgment remaining unsatisfied"); *cf. Roden v. AmerisourceBergen Corp.*, 186 Cal. App. 4th 620, 626 (2010) (finding that federal law controls the application of prejudgment interest where the cause of action arises under a federal statute). State law, moreover,

---

[2] Notably, California state law provides for various interests depending on the type of claim and defendant at issue which, when taken as a whole, support the application of a 10% rate here. For example, in personal injury claims, the law requires an interest rate of "of 10 percent per annum." Cal. Civ. Code § 3291. Similarly, in a breach of contract action resulting from a "contract entered into after January 1, 1986" that "does not stipulate a legal rate of interest," the law obliges the Court to enforce an interest rate "10 percent per annum." Cal. Civ. Code § 3289(b). In contrast, and presumably to aid the public, California law limits the interest rate "in a tax or fee claim against a public entity" to "7 percent per annum." Cal. Civ. Code § 3287(c).

grants that a money judgment continues to accrue post-judgment interest until it is satisfied, and that a judge does not have equitable discretion to deny interest. Cal. Civ. Proc. Code § 685.010(a) (interest accrues . . . [on a] judgment remaining unsatisfied); *see In re Marriage of McClellan*, 130 Cal. App. 4th 247, 251 (2005) (collecting post-judgment interest on child support payments).

Finally, as to the third issue, the Court elects not to compound the interest. Certainly, there is a reasonable argument that compounding the interest would more fully account for Plaintiff's reimbursed expenditures. *See, e.g.*, *AMP Inc. v. Lantrans, Inc.*, No. CV 90-1525-DWW-JRX, 1991 WL 253796, at *8 (C.D. Cal. Nov. 7, 1991) (ordering compounding, in the context of a patent case, because interest is intended to compensate for "the foregone use of money" and thus "compounding is needed to account for the time value of money"). However, as the Court awards interest here pursuant to a specific provision of the Labor Code, the Court takes its lead from that provision: "10 percent per annum *on the principal*." Cal. Civ. Proc. Code § 685.010(a) (emphasis added). This statute specifically ties the interest to the principal and makes no mention of compounding interest (i.e. interest on the interest). Accordingly, as the parties point to no other authority for the appropriate interest rate, the Court adopts a non-compounding 10% interest rate here based on the plain language of Cal. Civ. Proc. Code § 685.010(a).

In sum, finding that the California Labor Law requires an interest award, and that Defendant gave proper notice, the Court applies an interest rate of 10% per annum on Plaintiff's reimbursement award of $11,254.93 from the date of accrual to today. Thus, the Court awards Plaintiff $5,252.30 as interest on his reimbursement.[3]

---

[3] Interest accumulates as a rate of $1,125.49 per year ($11,254.93 x 10%). Hence, by February 18, 2019, the interest reaches a total of $4,501.97. The additional eight months of interest amounts to two-thirds of the annual interest – $750.34. Consequently, the total interest here is $5,252.30.

7

### 2. Plaintiff's Other Claims for Damages are Not Supported by Law.

Plaintiff also requests interest on the costs of the suit, penalties, and liquidated damages. ECF No. 134 at 4–6; ECF No. 143 at 10–13. Defendant opposes these costs as unreasonable and not supported by law. ECF No. 149 at 7–9. The Court agrees with Defendant and declines to award these monies.

A plain reading of §§ 2802(a)–(c) does not support Plaintiff's claim for interest on the costs of his suit. *See* ECF No. 134 at 3–6. Plaintiff is correct that § 2802(c) defines a term used in § 2802(a) – "necessary expenditures or losses." *Id.* at 5. However, § 2802(a) only requires an award where Plaintiff incurs necessary expenditures as a "direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." CLC § 2802(a). While California courts have embraced some litigation costs as falling within the ambit of § 2802(a), *see Cassady v. Morgan, Lewis & Bockius LLP*, 145 Cal. App. 4th 220, 225 (2006) (affirming order requiring employer to pay for litigation costs incurred while defending against a third-party suit pertaining to employee conduct within the course and scope of the job), the Court is unaware of any opinion which stretches the text of § 2802(a) to encompass *interest* on the costs. It also makes little sense, as a general matter, to order an award for interest on the costs as the costs are merely "an incident of a judgment," whereas the interest is part of the judgment. *Brown v. Desert Christian Ctr.*, 193 Cal. App. 4th 733, 740 (2011). Hence, awarding interest on the costs would put the cart before the horse, and the Court declines to do so here.

As with interest on the costs, a plain reading of CLC § 1197.1 does not entitle Plaintiff to a penalty of $1,350 for two reasons. ECF No. 134 at 5. First, § 1197.1 permits $100 and $250 penalties where an employer causes an employee to be paid "a wage less than the minimum fixed by applicable state law." § 1197.1(1)–(2). As Plaintiff did not succeed at trial on a claim for unpaid wages, § 1197.1 does not apply. Second, though § 2802 states that the *"procedures* for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the commissioner shall be the same as those set forth

in Section 1197.1," § 2802 is silent as to the application of *penalties* under § 1197.1. *See* § 2802(a) (emphasis added). Importantly, the penalties provision of § 1197.1 reads differently, and is separate from, the procedures provision of § 1197.1. *Compare* § 1197.1(a) (defining penalties) *with* § 1197.1(b) (defining procedures).

Plaintiff is also not entitled to liquidated damages under CLC § 1194.2(a) or penalties under CLC § 203 as neither statute applies to actions seeking reimbursement of expenses or timely access to employment records. *See* ECF No. 130 at 20 (finding Plaintiff victorious on his UCL, § 2802, and § 1198.5(a) claims); § 1194.2(a) (applicable only to claims arising under §§ 98, 1193.6, 1194, and 1197.1); § 203(a) (applicable only to claims arising under §§ 201, 201.3, 201.5, 201.6, 201.9, 202, and 205.5). Also, both statutes only punish employer misconduct related to underpaid or unpaid wages. *See* § 1194.2(a) (limited to actions to "recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute."); § 203(a) (limited to actions where "an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee"). Hence, as Plaintiff's victorious claims at trial were for reimbursement of business expenditures and limitations on his ability to access employee records – *not* for wages – and arise under statutes separate to those providing Plaintiff's ideal relief, Plaintiff's argument fails.

For the preceding reasons, the Court declines to award Plaintiff interest on the costs of his suit, penalties, or liquidated damages. The Court's application here, moreover, conforms to how other courts interpret these statutes, i.e., as giving rise to separate causes of action and entailing separate relief. *See, e.g.*, *Tenorio v. Gallardo*, No. 116-CV-00283-DAD-JLT, 2019 WL 338220, at *5 (E.D. Cal. Jan. 28, 2019); *Tran v. Companion Med Trans, LLC*, No. SA-CV-141418-DOC-ANX, 2016 WL 8925146, at *3 (C.D. Cal. Jan. 25, 2016); *Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12-CV-05445-LHK, 2013 WL 1942166, at *1, *7 (N.D. Cal. May 8, 2013).

**b. The Court has the Authority to Award Interest as Damages.**

1. The Court's FRCP 52 Decision was a Final Judgment.

In light of the Court's error as to interest on Plaintiff's reimbursement award, the operative question for the Court is whether it has the authority to correct its mistake. First, however, the Court must address Plaintiff's contention that it has yet to issue a "final judgment," as the existence of a final judgment may circumscribe the Court's ability to consider Plaintiff's request for interest.

Plaintiff contends that the Court's order dated April 18, 2019 was not final for multiple reasons, including, that the Court's decision did not use the word "final," that Court's decision did not refer to its prior summary judgment order, and that all of Plaintiff's requested damages were not awarded. ECF No. 143 at 9–10; ECF No. 151 at 10–11. This, however, is not how the Ninth Circuit measures the finality of a judgment.

Rather, in determining whether a judgment is final, the Ninth Circuit asks whether a decision "(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 846 (9th Cir. 2009) (citation omitted). A ruling is thus final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Klestadt & Winters, LLP v. Cangelosi*, 672 F.3d 809, 813 (9th Cir. 2012) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A court's assessment of finality calls for "'a practical rather than a technical' analysis." *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 n.2 (9th Cir. 2017) (quoting *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1964)).

Here, the Court's FRCP 52 Decision was a final judgment. First, because the Court rendered a decision as to Plaintiff's four causes of action not dismissed at summary judgment, ECF No. 69 at 29, the Court provided a "full adjudication of the issues." *See Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997). In doing so, the Court utilized clear, straightforward language that would objectively be recognized as conveying an intent to end the action. ECF No. 130 at 20 ("Judgment is

entered . . ."); *see United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232 (1958) (finding that the use of similar language constitutes a final judgment for money). The Court, moreover, "did not hint at future proceedings" or otherwise suggest a further ruling was required. *Bishop Paiute Tribe*, 863 F.3d at 1151 n.2. Lastly, the Clerk of Court subsequently entered judgment and further specified that "[t]he issues have been tried or heard and a decision has been rendered." *See* ECF No. 131; *Elliott*, 566 F.3d at 846 (advising that entering a separate judgment confirms the Court's intent as to finality). In sum, as with other decisions following bench trials, the Court entered final judgment through its FRCP 52 decision. *See, e.g.*, *Kanellakopoulos v. Unimerica Life Ins. Co.*, No. 15-CV-04674-BLF, 2018 WL 5081219, at *5 (N.D. Cal. Oct. 17, 2018); *Munoz v. Colvin*, No. 10-CV-1003-MMA-NLS, 2013 WL 2088519, at *1 (S.D. Cal. May 14, 2013).

### 2. The Court May Amend its Decision *Sua Sponte* under FRCP 60(a).

Federal Rules of Civil Procedure 59 and 60 describe how a party may obtain relief from a final judgment. A party may move the court to "alter or amend a judgment" within 28 days "after the entry of the judgment." Fed. R. Civ. P. 59. Granting a party's Rule 59 motion is appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quoting *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009)).

Alternatively, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment" pursuant to FRCP 60(a). *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014). In evaluating applications of Rule 60(a), the Ninth Circuit primarily "focuses on what the court originally intended to do." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). Thus, if a court "blunders in execution," Rule 60(a) permits the court an opportunity to correct that mistake. *Id.* at 1577 n.2. Rule 60 orders are used to "correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the

court's purpose is fully implemented, or to permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (citation omitted). The "touchstone" of Rule 60(a) in all these cases is "fidelity to the intent behind the original judgment." *Tattersalls*, 745 F.3d at 1298 (9th Cir. 2014) (quoting *Garamendi*, 683 F.3d at 1078).

Here, the Court declines to interpret Plaintiff's original motion for costs as a motion arising under FRCP 59. ECF No. 134. Plaintiff's motion, which fails to mention FRCP 59, neither presents "newly discovered evidence," nor cites an "intervening change in controlling law." *Platforms*, 617 F.3d at 1100. Moreover, Plaintiff does not critique a "clear error" made by the Court in his initial motion, and instead relies on the judgment's correctness. Plaintiff asserts that he is the "prevailing party," claims to be "entitled to recover from Defendant," and then demands an "order for recovery" – all in reliance on the Court's FRCP 52 decision. ECF No. 134 at 2–5.

Instead, the Court finds that it may act pursuant to Rule 60(a). This is proper for several reasons. First, the Court's failure to award interest was an oversight, and not an intentional decision to deny interest, as is evident from the absence of any discussion of interest in the FRCP 52 decision. *Tattersalls*, 745 F.3d at 1297–98. Also, as § 2802(b) requires that the Court award interest, this correction "reflect[s] the necessary implications of the original order." *Garamendi*, 683 F.3d at 1079. In that sense, awarding interest now does not reveal a "new and subsequent intent," but rather awards Plaintiff monies consistent with his existing reimbursement. *Id.* at 1080. Consequently, the Court finds that Rule 60(a) permits the Court sufficient discretion and authority to amend its FRCP 52 decision to also award Plaintiff the interest due on his reimbursement award.

### c. Plaintiff is Entitled to Costs.

Lastly, having altered the final judgment to encompass Plaintiff's rightful interest on the reimbursement award, the Court turns to the parties' arguments as to costs.

#### 1. Plaintiff is the Prevailing Party.

Generally, the "prevailing party" is the party "in whose favor a judgment is rendered." *Citizens for Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1131 (9th

Cir. 2009) (quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603 (2001)). However, if a Defendant makes a prejudgment offer to a Plaintiff, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68; *see Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 350–52 (1981).

Here, the Clerk of Court appropriately determined that, based on the bill of cost judgments, the Defendant was the "prevailing party" under Rule 68. ECF Nos. 141, 142. However, given Plaintiff's amended award of $17,257.23[4] and the amount of the offer ($15,000), ECF No. 146-1 at 5, the Court finds that Plaintiff is now the "prevailing party" party. Consequently, Plaintiff, and not Defendant, is entitled to costs for this action. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), as amended (Jan. 15, 1997) (finding that, pursuant to FRCP 54(d)(1), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs").

2. Plaintiff's Motion for Costs is Accepted as Timely.

As a threshold matter, the Court accepts Plaintiff's motion for costs despite being untimely. Here, Plaintiff submitted his motion for costs four days after the deadline set out in Local Rule 54.1(a), which requires that a bill of costs be submitted within fourteen of the entry of judgment. CivLR 54.1(a). Plaintiff explains his tardiness by stating that he was timely with respect to the date he was served. ECF No. 143 at 5. Defendant asks that Plaintiff's motion not be accepted as untimely. *See generally* ECF Nos. 146, 136, 140, 149.

Defendant's concern is well received by the Court. Certainly, the Court has attempted to accommodate Plaintiff's repeated service issues. *See, e.g.*, ECF No. 48 at 3 (permitting "Plaintiff the opportunity to request access to the CM/ECF system"); ECF No.

---

[4] Plaintiff's total damages award is the sum of three figures: (1) $11, 254.93 for the UCL and § 2802 claims, (2) $5,252.30 as interest on the UCL and § 2802 award, and (3) $750 for the § 1198.5 claim. *See infra* Section II.a.1; ECF No. 130 at 19.

113 at 3 (directing the Clerk of Court to "send copies of all future docket entries to Plaintiff's email address" of choice). Despite these accommodations, Plaintiff has yet again submitted an untimely motion and complains of improper service. *See* ECF No. 143 at 3; ECF No. 151 at 7.

Nonetheless, the Court accepts Plaintiff untimely submission on the basis that he is a *pro se* litigant unfamiliar with the Court's processes and deserving of leniency. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986) (pro se litigants treated with "great leniency" when evaluating compliance with "the technical rules of civil procedure"). That Plaintiff submitted his motion for costs within 14 days of being served, ECF No. 143 at 5, and tried to raise the issue of costs at trial, ECF No. 139 at 208–12, shows that Plaintiff was, at least, attempting to comply with the strictures of Local Rule 54.1(a). It is also true, as Plaintiff points out, that his e-mail has been a constant source of difficulty for him during this litigation. ECF No. 143 at 3. Moreover, Plaintiff's tardiness here did not prejudice Defendant as Defendant was nonetheless able to fully brief both its bill of costs motion and motion for re-taxation, in addition to advocating for costs at the Clerk's telephonic conference. *See* ECF Nos. 132, 133, 136, 140, 141, 142, 146, 149, 152.

Also, though not unanimous, judges of this district frequently permit late submissions by *pro se* litigants. *See, e.g.*, *Ahmed v. Regents of Univ. of California*, No. 17-CV-0709-MMA-NLS, 2018 WL 747796, at *1 (S.D. Cal. Feb. 7, 2018) (accepting *pro se* plaintiff's opposition to a motion to dismiss that was filed two days date); *Linlor v. Nat'l Rifle Ass'n of Am.*, No. 17CV203-MMA-JMA, 2017 WL 2312099, at *1 n.1 (S.D. Cal. May 26, 2017), *reconsideration denied*, No. 17CV203-MMA-JMA, 2017 WL 3412380 (S.D. Cal. Aug. 9, 2017) (accepting *pro se* plaintiff's motion for attorney's fees and costs that was one day late); *Gray v. Hernandez*, No. CIV. 08-1147-JM-WVG, 2010 WL 6230519, at *1 (S.D. Cal. Nov. 30, 2010), *report and recommendation adopted as modified*, No. 08-CV-1147-JM-WVG, 2011 WL 1043619 (S.D. Cal. Mar. 22, 2011) (accepting *pro se* plaintiff's amended complaint filed approximately eight months after the deadline set out by the court's order); *see also VonGrabe v. Sprint PCS*, 312 F. Supp. 2d

1313, 1321 (S.D. Cal. 2004) (electing not to dismiss *pro se* plaintiff's case on defendant's FRCP 41(b) motion). The Court sees no reason to diverge from this practice and, in light of foregoing factors, accepts Plaintiff's costs motion and subsequent briefing as timely.

### 3. Defendant is Ordered to Pay Plaintiff $2,841.94 in Costs.

Having accepted Plaintiff's motion for costs as timely, the Court now reviews Plaintiff's arguments, and Defendant's counterarguments, as to Plaintiff's alleged costs. As an initial matter, the Court considers the merits of the parties' cost arguments fully briefed such that the Court may rule on the costs without the need for further briefing. *See* CivLR 7.1; *see also* ECF Nos. 132–52. The Court, moreover, focuses on Plaintiff's requested damages as Plaintiff is the "prevailing party." *See supra* Section II.C.1. FRCP 54(d)'s presumption in favor of awarding costs to the prevailing party can only be overcome when the court exercises its discretion to disallow costs for specific reasons. *See Ass'n of Mexican–Am. Educators v. Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000).

Here, Plaintiff requests the following costs: $435.00 in fees of the clerk, $227.95 in fees for transcripts, $566.17 in fees for printing, and $3,528.42 in other fees (mostly for mileage, parking, and service upon defendant). ECF No. 142 at 2–3. Defendant asserts a blanket objection that Plaintiff fails to provide adequate documentation to support these costs. *See* ECF No. 136 at 5; ECF No. 149 at 6–7. This argument fails. As noted by the Clerk of Court, *see* ECF No. 141 at 1, Local Rule 54.1(a) requires that the bill of costs "must itemize the costs claimed, and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred, and copies of the invoices for requested costs." Plaintiff has met his burden here by submitting invoices and bank statements corroborative of the charges granted below. Specifically, accompanying his signed motion, Plaintiff submitted four receipts, three invoices, and multiple bank statements reflecting 23 unique charges for "SDProcess" aligned with Plaintiff's itemized bill of costs. ECF No. 143 at 28–56.

Having analyzed Plaintiff's requested costs pursuant to Local Rule 54.1, 28 U.S.C. § 1920, Cal. Civ. Proc. Code § 1033.5, and the relevant caselaw, the Court awards $2,841.94 to Plaintiff in costs.

### i. Fees of the Clerk

Plaintiff seeks $435.00 for lodging its complaint in California Superior Court prior to the removal of this matter to the Southern District of California. While Local Rule 54.1 does not contain a specific provision authorizing this cost, both state and federal law permit recovery of filing fees. *See* § 1920(1) (permitting the Court to tax "Fees of the Clerk" as costs); § 1033.5 (permitting "filing . . . fees" to be taxed); *G & G Closed Circuit Events, LLC v. Garcia Pacheco*, No. 18-CV-00462-BTM-AGS, 2019 WL 3388362, at *1 (S.D. Cal. July 25, 2019) (permitting, among other costs, $400 in filing fees). Likewise, federal law permits the Court to award filing fees paid to state courts prior to removal on the basis that "28 U.S.C. § 1920(1) does not distinguish between" the recipient of the filing fees. *See Gordon v. Prudential Fin. Inc.*, No. 06-CV-02304-IEG-WMC, 2009 WL 188886, at *4 (S.D. Cal. Jan. 23, 2009). Consequently, the Court awards Plaintiff $435.00 in filing fees.

### ii. Fees for Transcripts

Plaintiff seeks $227.95 for the transcript of the pretrial conference. Local Rule 54.1(b)(2) does not permit taxation of transcripts unless the transcript at issue "[was] approved by a judge or stipulated to be recoverable by counsel." Plaintiff does not allege in his two motions that either condition was met. *See* ECF No. 134, 143. However, having reviewed the transcript at issue, it appears that Plaintiff sought this transcript for the purposes of appealing the Court's denial of Plaintiff's motion for recusal:

> THE COURT: . . . So, at this point, that will be the record that you can appeal at the appropriate time.
>
> [PLAINTIFF]: And how do I get a copy of this record since there won't be anything in writing?
>
> THE COURT: You can contact my court reporter and ask her to prepare a transcript at the costs that are charged for these types of matters.

> [PLAINTIFF]: May I approach and grab the card?
>
> THE COURT: Certainly.

*See* ECF No. 118 at 27. Thus, the Local Rules permit taxing this transcript. CivLR 54.1(b)(2)(b) ("The cost of transcripts necessarily obtained for appeal is allowable."). The Court is convinced that Plaintiff sought this transcript with the genuine intent to appeal, and that the transcript was "necessarily obtained for use in the case" in that no written order was published by the Court regarding the motion for recusal to which Plaintiff could otherwise refer. *See Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-CV-01414-HSG, 2018 WL 4700347, at *3 (N.D. Cal. Sept. 30, 2018) (ordering the taxation of various pre-trial hearing transcripts "given the utility of such a transcript on appeal"). Consequently, the Court awards Plaintiff $227.95 the pre-trial transcript.

### iii. Fees for Printing

Plaintiff seeks $566.17 in fees for printing costs. Plaintiff has meticulously listed each document which he printed, calculating the cost of printing at an estimate of 10 cents per page, with four copies of each document lodged. ECF No. 143 at 15–16.

With respect to printing and copies, the relevant authorities are in conflict. Cal. Civ. Proc. Code § 1033.5 does not permit the recovery "photocopying charges, except for exhibits." *See* § 1033.5(b)(3). On the other hand, U.S.C. § 1920(4) permits "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Local Rule 54.1(b)(6)(b) permits costs for copying only if certain specific requirements are met. To resolve this conflict, and given the permissive mandate of § 1920(4), the Court examines whether the requirements of Local Rule 54.1(b)(6)(b) are satisfied.

Defendant alleges that Local Rule 54.1(b)(6)(b) is not satisfied. ECF No. 136 at 5; 149 at 6–7. The Court, however, disagrees. As former Chief Judge Gonzalez explained in *Koch v. Lockyer*, the various clauses of Local Rule 54.1(b)(6)(b) should be interpreted together in a consistent manner. No. 03-CV-2067-IEG-LSP, 2010 WL 11615015, at *3 (S.D. Cal. Apr. 29, 2010) (quoting *United States v. Lopez-Cavasos*, 915 F.2d 474, 479 (9th

Cir. 1990)). Following the *Koch* Court's analysis, this Court finds that "the cost of 'reproducing copies of motions, pleadings, notices and other routine case papers'" may be awarded "as long as those copies . . . were required to be provided to the court and opposing counsel." *Id.* (quoting Local Rule 54.1(b)(6)).

Here, Plaintiff's signed motion includes a list of each copy made, including the docket number, the cost per page, the total cost by document, and a list of each documents' four recipients – the Court (one copy), Defense Counsel (one copy), and the Clerk of Court (two copies, one for scanning and one for lodging). ECF No. 143 at 15–16. Plaintiff's list of copied documents satisfies the *Koch* standard as it is "an itemized statement indicating what specific motions and pleadings were copied, how many copies were made, and to whom they were provided." *Koch*, 2010 WL 11615015, at *3. The motion, taken together with Plaintiff's itemized list of copies, also provides all the information required by CivLR 54.1(b)(6)(c). Consequently, the Court awards $566.17 for printing costs.

## iv. Other Costs

Lastly, Plaintiff seeks $3,528.42 in other fees, consisting primarily of fees for mileage, parking, and service costs for a lengthy list of filings and litigation events. Plaintiff does not cite authority for his mileage or parking costs. While Local Rule 54.1, § 1033.5, and § 1920 are silent as to travel-related costs (except as to depositions), California courts have reasoned that because deposition-related travel expenses are permitted by the cost rules, travel unrelated to a deposition is not recoverable by "negative implication." *See Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 72 (2009), *as modified on denial of reh'g* (Nov. 4, 2009); *see also Ladas v. California State Auto. Assn.*, 19 Cal. App. 4th 761, 775 (1993) (declining to "parking" and "mileage" as costs under California law); *cf. Qualcomm Inc. v. Broadcom Corp.*, No. 05-CV-1958-RMB-BLM, 2007 WL 9677112, at *2 (S.D. Cal. Oct. 29, 2007), *report and recommendation adopted*, No. 05-CV-1958-RMB-BLM, 2007 WL 4351017 (S.D. Cal. Dec. 11, 2007) (awarding myriad costs, including "travel costs," reasonably incurred by Broadcom as an exceptional remedy given Qualcomm's "egregious misconduct"). As Plaintiff cites no authority to the contrary, and

the Court has found none in its independent research, the Court adopts this reasoning here. Consequently, all of Plaintiffs' alleged costs for mileage and parking, except the $40.32 for Plaintiff's deposition, ECF No. 143 at 17, are denied.

On the other hand, the Court grants Plaintiff's request for costs associated with properly serving Defendant. While Defendant questions the figures pertaining to Plaintiff's service costs and contends that physical service was not required given Plaintiff's opportunity to access ECF, the Rules clearly provide for costs associated with effecting service on the other party. *See* CivLR 54.1(b)(1) ("Fees for service of process . . . are allowable"); § 1033.5(4) (permitting various types of service as costs); *Ally Bank v. Karakasevic*, No. 11CV00896YGRMEJ, 2016 WL 7971245, at *5 (N.D. Cal. Dec. 19, 2016) ("Fees for service of process by someone other than the U.S. Marshal are allowable to the extent reasonably required and actually incurred"). Plaintiff, moreover, has submitted a detailed bill of costs, attesting to its veracity through his signature. ECF NO. 134 at 7–13; ECF No. 143 at 14–19. Thus, without more, Defendant's arguments to the contrary do not satisfy its burden to demonstrate why costs should not be awarded. *Velasquez v. Donahue*, No. C 11-03444-JSW, 2014 WL 1018068, at *1 (N.D. Cal. Mar. 12, 2014) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)). Consequently, the Court awards $1,572.50 in service costs and $40.32 in travel costs.

## III.    **CONCLUSION**

Through this opinion, the Court has addressed the myriad questions arising from the parties' post-judgment briefs. First, with respect to Plaintiff's allegations for additional damages, the Court has found that it was error not to award interest on the reimbursement. The Court also declines to award interest on the costs, penalties and liquidated damages as such awards are not supported by law. The Court effects this change by altering its FRCP 52 decision, issued April 18, 2019, ECF No. 130, to include interest on the reimbursement award in the amount of $5,252.30 pursuant to FRCP 60(a). As Plaintiff's new damage award now surpasses the FRCP 68 offer presented by Defendant prior to trial, the Court also finds that Plaintiff is the prevailing party and thus

entitled to costs. The Court awards $2,841.94 in costs to the Plaintiff. Combining Plaintiff's damages and costs, Plaintiff is thus entitled to $20,099.17.

With this opinion, the Court once again enters final judgment against Defendant as to Plaintiff's first, fourth, and eighth claims. All claims in this matter are thus hereby resolved.

**IT IS SO ORDERED.**

Dated: October 21, 2019

Hon. Gonzalo P. Curiel
United States District Judge