UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON DEL THIBODEAU,<br><br>             Plaintiff,<br><br>v.<br><br>ADT LLC, d/b/a ADT SECURITY SERVICES, a/k/a ADT HOLDINGS INC.,<br><br>             Defendants. | Case No.:  16-cv-2680-GPC<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR INTEREST AND PENALTIES**<br><br>**[ECF No. 183]** |

On January 14, 2022, Plaintiff Clayton Del Thibodeau ("Plaintiff") filed a Motion for Interest and Penalties based on Defendant ADT LLC's ("Defendant" or "ADT") failure to timely pay the money judgment ordered by this Court on October 21, 2019 (ECF No. 154, Order on Cross Motions for Re-Taxation of Costs). ECF No. 183. Defendant opposed, ECF No. 185, and Plaintiff replied, ECF No. 186. On March 3, 2022, the Court vacated the motion hearing set for March 4, 2022, and took the matter under submission. ECF No. 187.

## I. BACKGROUND

This employment action initially involved nine causes of action: (1) violation of California's Unfair Competition Law; (2) whistleblower retaliation; (3) violation Defendant's fiduciary duty to Plaintiff through the unauthorized distribution of information related to Plaintiff's customers; (4) failure to adequately reimburse Plaintiff for expenses he incurred while using his personal vehicle for work; (5) failure to pay overtime; (6) failure to provide rest days; (7) failure to provide wage statements; (8) denial of timely access to employee file; and (9) failure to display a list of employees' rights and responsibilities. ECF No. 14. On January 31, 2018, this Court granted partial summary judgment to Defendant as to Plaintiff's second, third, fifth, sixth, and ninth causes of action. ECF No. 69 at 29. On November 20, 2019, Plaintiff appealed the Court's Summary Judgment Order, ECF No. 69, to the Ninth Circuit Court of Appeals. ECF No. 155. On June 11, 2021, the Ninth Circuit affirmed this Court's grant of partial summary judgment to Defendants except as to Plaintiff's fifth claim for unpaid overtime wages, and remanded the case to this Court as to the fifth cause of action only. ECF No. 167.

Meanwhile, the remaining causes of action—the first, fourth, seventh, and eighth claims—proceeded to a bench trial before this Court, which was held on January 16, 2019. ECF No. 126. Following the bench trial, the Court found that Plaintiff prevailed on the first, fourth, and eighth causes of action. ECF No. 130. Judgment was entered for Plaintiff on his first and fourth causes of action in the amount of $11,254.93. ECF No. 131. Judgment was also entered for Plaintiff in the amount of $750.00 on Plaintiff's eighth cause of action. *Id.* The Court found that Plaintiff failed to establish a violation under his seventh cause of action, CLC § 226, and entered judgment against Plaintiff as to that claim. *Id.* On cross-motions from the parties for re-taxation of costs, the Court *sua sponte* amended its prior judgment, ECF No. 130, to award $5,252.30 as interest on

Plaintiff's reimbursement damages under the fourth cause of action. ECF No. 154 at 1. The Court also found that, in light of the total damages awarded, Defendant was not rendered the prevailing party and that Plaintiff was entitled to costs. *Id.* at 2. The Court then awarded Plaintiff $2,841.94 in costs. *Id.* In sum, the Court directed Defendant to pay Plaintiff a total of $20,099.17 in its October 21, 2019 Order on Re-Taxation of Costs.

Defendant paid Plaintiff $20,900.17 on June 15, 2021, 603 days after the Court's Order directing payment of the judgment. ECF No. 178 at 3; ECF No. 183 at 3. This amount purports to include $801.00 in accumulated interest up to June 15, 2021. *Id.*; ECF No. 185 at 5. Plaintiff now moves the Court for post-judgment interest in the amount of $2,716.36, calculated at a 10% non-compounding interest rate, because of the delay in receiving the judgment ordered by the Court. ECF No. 183 at 3. Plaintiff also contends that payment of the judgment was improperly withheld in order to coerce Plaintiff into dropping his appeal in exchange for a waiver of costs. *Id.* at 4. Plaintiff thus requests that the Court grant punitive relief based on Defendant's alleged misconduct, including further damages and whatever fines, penalties, or fees that the Court deems appropriate. *Id.* at 9-10.

## II.  DISCUSSION

### A.  Whether Plaintiff is Entitled to Post-Judgment Interest

28 U.S.C. § 1961 governs interest on money judgments recovered in civil cases in a district court. Under the statute, "the award of post judgment interest on a district court judgment is mandatory." *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). Where a plaintiff is the prevailing party, "[c]osts of the loss of use of a money judgment should not be borne by the injured plaintiff, but by the defendant whose initial wrongful conduct invoked the judicial process and who has had the use of the money judgment throughout the period of delay." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (quoting *Perkins v. Standard Oil Co.*, 487 F.2d

672, 674 (9th Cir. 1973)). A failure to award post-judgment interest would "create an incentive for defendants to exploit the time value of money by frivolously appealing or otherwise delaying payment." *Id.*

This appears to be the case here, where Defendant has delayed payment of the money judgment ordered by this Court for over 19 months. Defendant offers this Court no explanation for this delay. Defendant attempts to argue that Plaintiff is not entitled to post-judgment interest at this time because of the Ninth Circuit's ruling which remanded Plaintiff's fifth cause of action for further proceedings. ECF No. 185 at 4. Defendant argues that, because this cause of action was remanded, under the "one judgment rule, no final judgment has yet to be entered by this Court that would otherwise trigger the start of post-judgment interest." *Id.* The Court finds this argument wholly unconvincing and bordering on frivolous. To begin, Defendant cites no authority for this proposition.[1] Second, Defendant attempts to conflate the remand of the fifth cause of action with Plaintiff's request for post-judgment interest on the first, fourth, and eighth causes of action. As to the first, fourth, and eighth causes of action, the Court awarded a money judgment on those claims, and neither Plaintiff nor Defendant appealed that award. Plaintiff appealed only the Court's partial summary judgment order, ECF No. 69, which

---

[1] The one judgment rule provides guidance to courts and promotes efficient judicial administration by avoiding piecemeal disposition of a case. *Century Natl. Insurance Co. v. United States*, 2017 WL 7887593, at *2 (C.D. Cal. Aug. 3, 2017). "The rule's intent is to avoid having litigation punctuated by piecemeal appellate review of trial court decisions which do not terminate the litigation." *Id.* Defendant seems to imply that the one judgment rule precludes this Court from entering any decision, as to any cause of action, unless and until all causes of action have been ruled on and exhausted on appeal. This is not the purpose or the outcome of applying the one judgment rule, especially where, as here, judicial efficiency was properly promoted by the Court's partial summary judgment order and bench trial, which did terminate the litigation before this Court prior to the Ninth Circuit's limited remand.

involved only the second, third, fifth, sixth, and ninth causes of action. Therefore, the Ninth Circuit's ruling on Plaintiff's appeal did not affect the Court's judgment in ECF Nos. 130 and 131, nor the final amount of the judgment, including prejudgment interest and costs, which the Court awarded Plaintiff in ECF No. 154. Therefore, as of October 2019, a final judgment had been entered by this Court as to all causes of action, including the first, fourth, and eighth causes of action which underlie the money judgment at issue—and nothing about the appeal process on the remaining counts has changed that circumstance. Since a final judgment was issued, and Defendant did not request a stay of judgment pending Plaintiff's appeal, the Court finds that Plaintiff is entitled to post-judgment interest on the $20,099.17 judgment awarded to him in ECF No. 154.

The question then becomes how much interest to award. Defendant's argument that no post-judgment interest has accrued is not well-taken. As a preliminary matter, the Court disposes of Defendant's argument that this Court "cannot issue post-judgment interest from the October 2019 date [of the judgment], only the final judgment that may otherwise be issued after the upcoming *trial*." ECF No. 185 at 4 (emphasis in original). This is incorrect. Though Defendant attempts to argue that "the law is clear on this issue" by citing two cases, neither of the citations support Defendant's argument. Instead, Defendant's cases deal with completely different circumstances than the one before this Court, in which an appeals court remands to modify or reverse a judgment with a direction that a money judgment be entered in the district court. *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1018 (9th Cir. 2008); *Afewerki v. Anaya Law Grp.*, 2021 WL 5773865, at *6 (C.D. Cal. Mar. 24, 2021). Those circumstances are clearly not relevant here, where the Ninth Circuit has *not* handed down a mandate directing that a money judgment be entered in the district court (and, as the Court explained above, where the mandate does not even touch on the money judgment previously awarded by this Court in ECF No. 154).

According to Defendant's own cited case, "post-judgment interest *must* run from the date of a judgment when the damages were supported by the evidence and meaningfully ascertained." *Planned Parenthood*, 518 F.3d at 1017-18 (emphasis added). This accords with the statutory command found in 28 U.S.C. § 1961, which states that "[s]uch interest shall be calculated from the date of the entry of the judgment . . ." 28 U.S.C. § 1961(a). Therefore, the Court will award interest beginning from the date of the judgment entered on October 21, 2019.

Section 1961 also dictates how post-judgment interest shall be calculated: "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Furthermore, "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." *Id.* Plaintiff's calculation of interest at a non-compounding interest rate of 10% is therefore incorrect. ECF No. 183 at 3. Plaintiff's Reply explains that the 10% rate comes from the Court's previous Order, ECF No. 154, in which the Court awarded 10% per annum on the principal under California state law, and elected not to compound the interest. ECF No. 154 at 7. However, the 10% rate applied to the Court's award of prejudgment interest, whereas here, the Court is determining post-judgment interest. "In diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law." *Amer. Tel. & Tel. Co. v. United Comput. Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996). Accordingly, the post-judgment interest analysis is governed by the federal statute, 28 U.S.C. § 1961, rather than the Court's previous award of prejudgment interest.

The Court uses historical interest rate information published by the Board of Governors of the Federal Reserve System, as set forth in § 1961. These rates are published on the JNET website by the Administrative Office of the United States Courts.

The relevant interest rate for a civil judgment entered on October 21, 2019 is 1.60%.[2] The final judgment of $20,099.17, with a 1.60% interest rate compounded annually over 19 months (the 603 days between judgment on October 21, 2019 and Defendant's payment of the judgment on June 15, 2021) yields $533.37 in interest. Because Defendant paid Plaintiff $20,900.17 on June 15, 2021, an amount which was $801.00 in excess of the judgment owed to the Plaintiff, the Court finds that although Plaintiff is entitled to post-judgment interest, that interest has been paid and no further payment is due to Plaintiff.

Plaintiff also requests various forms of punitive relief and sanctions based on Defendant's failure to timely pay the judgment, including additional damages, contempt of court citations, referral of defense counsel to the State Bar for disciplinary action, and referral of defense counsel for criminal prosecution. ECF No. 183 at 9-10. A district court possesses inherent powers, including those necessary to level contempt sanctions, in order to enforce compliance with its lawful orders. *Cal. Dept. of Soc. Serv. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008).  However, before imposing sanctions under its inherent powers, a court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith. *Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). A party demonstrates bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* at 649. The bad faith requirement sets a "high threshold." *Id.* (finding that bad faith requirement was not met even where lower court found attorney's conduct "outrageous" and "inexcusable"); *see also F.J. Hanshaw*

---

[2] *Post Judgment Interest Rates*, "Historical Rate Information" https://jnet.ao.dcn/financial-management/accounting/post-judgment-interest-rates (last accessed February 23, 2022).

*Enter., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137 (9th Cir. 2001) ("Because of their very potency, inherent powers must be exercised with restraint and discretion.")

Though the Court sympathizes with the delay Plaintiff faced in receiving the money judgment, in this case the Court cannot find that defense counsel's behavior rises to the level of bad faith that would support sanctions. While Defendant did not immediately pay the money judgment as ordered by the Court, and has offered little explanation to this Court as to why the delay was reasonable, whether this was "hampering" the Court's Order intentionally or waiting to pay based on a good-faith belief that the appeal would have some effect on the payment of the judgment is subject to reasonable debate. At this juncture, the Court will give defense counsel the benefit of the doubt in accepting that defense counsel truly believed that the pending appeal justified withholding payment of the judgment. Though this belief was erroneous, the Court does not base sanctions on this behavior because other courts have found more egregious behavior not to warrant sanctions either. *See In re Outlaw Laboratories, LP Litigation*, No. 18-cv-840-GPC-BGS, 2020 WL 7641820, at *4 (S.D. Cal. Dec. 23, 2020) (finding that personal attacks by counsel did not rise to the level of bad faith warranting sanctions); *Salinas v. Cornwell Quality Tools Co.*, No. 5:19-cv-2275-FLA (SPx), 2021 WL 4805316, at *5 (C.D. Cal. July 8, 2021) (finding that defendant's months-long press of unfounded accusations against plaintiff did not warrant sanctions even though plaintiff expended considerable time, energy, and expense in defending against them). However, as previously noted, defense counsel's arguments in this matter border on the frivolous, and Plaintiff is entitled to retain the $237.63 overage paid by defense counsel in addition to the $533.37 in interest to which Plaintiff is entitled. Defense counsel is hereby cautioned that any failure to strictly abide by the Court's orders in future may be met with sanctions, including judgment in Plaintiff's favor as to the remaining cause of action in this case. *See F.J. Hanshaw*, 244 F.3d at 1136 ("As a function of this [inherent] power,

courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines.").

Defendant also requests that this Court levy sanctions against Plaintiff for filing the subject motion. ECF No. 185 at 6. The Court declines to do so, given that Plaintiff was ultimately correct about his entitlement to post-judgment interest.

### B. Defendant's Request for Judicial Notice

Defendant requests that the Court take judicial notice of historical post-judgment interest rates published by the United States Bankruptcy Court for the Southern District of California. ECF No. 185-1 at 2. Because the Court did not rely on these rates, the Court declines to take judicial notice of them.

### III. CONCLUSION

The Court finds that Plaintiff was entitled to post-judgment interest on the $20,099.17 money judgment entered for Plaintiff in ECF No. 154 as of October 21, 2019. However, given that Defendant has paid Plaintiff more than the amount of the interest and principal owed on the money judgment, the Court finds that no further payment is required and that Plaintiff's entitlement to post-judgment interest is satisfied. Accordingly, the Court HEREBY DENIES Plaintiff's Motion for Interest and Penalties insofar as it requests further payment of interest. The Court also DENIES Plaintiff's request for penalties against Defendant, excepting that Plaintiff is entitled to retain the overage paid by Defendant. The Court cautions Defendant that further failures to abide by the Court's orders may warrant sanctions.

**IT IS SO ORDERED.**

Dated: March 4, 2022

Hon. Gonzalo P. Curiel
United States District Judge